(46 South. 910.)

No. 16,886.

KYLE v. SIGUR.

In re KYLE.

(June 22, 1908.    Rehearing Denied June 29, 1908.)

EXEMPTIONS—WAIVER—PLEDGE.

Where property exempted from seizure under article 644, Code Prac., and the statutes amendatory thereto, has been pledged, it may be seized in foreclosure of the pledge.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of St. Mary.

Action by William Kyle against Placide P. Sigur. Judgment for plaintiff was reversed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Judgment of Court of Appeal set aside, and that of district court affirmed.

Henry Mayer, for applicant. Placide P. Sigur and O'Niell & Alpha, for respondent.

PROVOSTY, J. The defendant in this case pledged his law books as security for a loan. This suit is brought on the debt, and the prayer is that the pledge be recognized, and the property pledged be seized and sold to satisfy the debt. The defense is only as to the latter prayer, and is that the property is exempt from seizure, and therefore cannot be ordered to be seized. Defendant refers to article 644 of the Code of Practice, and to Act No. 17, p. 53, of 1874, and Act No. 79, p. 123, of 1876, amendatory thereof, and contends that by these laws, not only the property in question is exempt from seizure, but a public policy is announced according to which the owner of such exempted property is precluded from in any way renouncing or waiving the exemption. The provision relied on as having established the said public policy reads as follows:

"That any person offending against the provisions of this act [that is, any sheriff or constable seizing the exempted articles], or who shall by any artifice or subterfuge induce or procure another to sign away by contract or otherwise, any of the rights they may have under this act, shall be guilty of a misdemeanor, and on conviction shall be fined," etc.

To say that the things exempted from seizure by this law cannot be seized when they have been pledged is to say that they cannot be pledged; for a pledge which could not be made effective by foreclosure would be no pledge. Now, we do not think this law was ever intended to deprive the owner of these exempted things of his right to pledge them. The right to pledge property is one of the valuable attributes of its ownership. No one would think of saying that the owner of these exempted things could not sell them. If so, he ought to be allowed to pledge them, since pledge is nothing more than a qualified alienation of the thing. The effect is not so much to impose an additional obligation upon the debtor, as it is to bind the thing itself for the payment of the debt. Rev. Civ. Code arts. 3279, 3280, 3282. Until the debt has been paid, the pledgee cannot be made to give up his possession of the object pledged. Rev. Civ. Code, art. 3166. If the pledgor himself touches it, he commits a theft. Rev. Civ. Code, art. 3173. The pledge creates a sort of jus in re. It invests the pledgee with the right to require the whole world to abstain from interfering with his possession. The thing, pro hac vice, belongs to him. If the owner can pledge, and yet the pledgee cannot foreclose the pledge, then the thing pledged must remain indefinitely in limbo. We do not think this statute was ever intended to put property out of commerce in that manner, or to deprive an owner of his right to pledge his property. In such a case, it is not so much the seizure that deprives the owner of the property as it is the pledge.

Judgment of Court of Appeal is set aside, and judgment of district court is reinstated and affirmed; defendant to pay costs of this court and of Court of Appeal.