This is an appeal from a judgment maintaining an exception of no cause of action. The petition alleges that Mrs. Domalise Fontenot, widow of the late Theodore Coreil, is the owner of a certain piece of property in Evangeline Parish, which is described in the petition; that in the month of March, 1936, Mrs. Coreil became seriously ill and in her weakened condition and "out of kindness of her heart" advised the defendant, her nephew, Julius Otis Coreil, of her intention of leaving him some of her property and "that she wished to execute a document to have post mortem effect" conveying title to the described property and that she intended to restrict and reserve therefrom "the usufruct, use, habitation and enjoyment of all civil fruits and revenues"; in other words that the "said document was to convey only the naked ownership to the defendant herein during petitioner's lifetime and only upon her death full, complete and absolute ownership"; that about March 5, 1936, the defendant, accompanied by a notary public, visited petitioner at her home No. 823 St. Louis Street, New Orleans; that she was requested to sign a typewritten document which she believed to be a donation inter vivos with reservation of the usufruct; that because of her confidence in her nephew she signed the instrument without reading it; that it subsequently developed that she had signed an act of sale before Gerald Netter, Notary Public for the Parish of Orleans, under the terms of which her property had been conveyed to her nephew for an alleged consideration of $1,200; that the purported act of sale was fraudulent and the purported consideration simulated; that she did not intend to dispose of anything but the naked ownership of her property and that the alienation of the complete ownership, including the fruits of the land, deprived her of her only means of a livelihood, causing her to become a public charge. She prays that the act purporting to convey the property to Julius Otis Coreil be set aside and that Coreil be ordered to file an accounting of the revenues derived from the property and that she have judgment for whatever amount he may have received on this account, and, in the alternative, that the act of sale be reformed so as to limit it to the naked ownership of the property.
The suit was filed on March 2d 1937, and the plaintiff died on March 2d 1938. Her succession was opened in the Civil District Court under the number 225,750 of the docket thereof and Mr. Numa C. Elfer appointed testamentary executor. Upon proper motion and order obtained in response thereto the executor was made party plaintiff.
The defendant filed an exception of no cause of action and in this court contends that the case presents only a moot question since the objection to the Act of Sale consists in the contention that it should have reserved the usufruct to the vendor for life, a situation which it is impossible to restore in view of the death of the vendor usufructuary. There is much to be said in behalf of this argument, but it may be contended that the rents and revenues would still be a proper subject of consideration. However, we believe that the case may be disposed of upon the exception of no cause of action, as was done below, upon the ground that one who signs a written instrument is presumed to know its contents, and the fact that she did not read it before signing it is no excuse.
"If a party can read, it behooves him to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument read to him and listen attentively whilst this is being done." Snell et al. v. Union Sawmill Company et al., 159 La. 604, 105 So. 728, 730.
"The failure of the party to read a written contract is such negligence as to preclude recovery. Allen, West Bush v. *Page 99 
Whetstone, 35 La.Ann. 846; Murphy v. Hussey, 117 La. 390, 41 So. 692.
"The Supreme Court of the United States in Upton v. Tribilcock, 91 U.S. 45, 50, 23 L.Ed. 203, said: `It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission.'" Hope v. Barham, D.C., 28 F. Supp. 561, 562.
See, also, Moline Jewelry Company v. Millet Caire, 4 Orleans App. 338; Baker v. Myatt, Dicks Motor Company, 12 Orleans App. 281; Jeffcoat v. Hammons, La.App., 160 So. 182.
For the reasons assigned the judgment maintaining the exception of no cause of action is affirmed.
Affirmed.