This suit is brought by the liquidator of Estoup Signs, Inc., for a balance in the amount of $159.40, alleged to be due on a contract entered into by Estoup Signs, Inc., and the defendant corporation, Frank Lower, Inc., then known as Cobb Whitehead, Inc., for the erection and maintenance of an electric sign. The contract originally called for two signs, but subsequently was limited to one because a suitable location could not be found for the second sign.
The defendant denies liability upon the ground that the contract was breached by plaintiff, in that it failed to paint the sign every six months as it was obliged to do under the terms thereof. A reconventional demand was made for the recovery of $87.80.
There was judgment below in favor of plaintiff in the sum prayed for and dismissing defendant's reconventional demand. The defendant has appealed and plaintiff has answered the appeal asking for an affirmance of the judgment.
The defense is based upon the following clause of the contract, which defendant interprets to mean that the plaintiff was under a mandatory duty to repaint the sign every six months.
"Paint copy to be furnished APP 30 days before repaint date — paint copy to be changed if necessary and painted each and every six months until the end of contract — illuminated from dusk to 12 midnight."
The contract originally provided for the payment of $1,977.60 in twenty-four equal monthly installments of $82.40. This sum covered two signs, but since one sign was never erected the actual amount due monthly was one-half of $82.40 or $41.20. The contract is dated January 25th, 1939, and provides that plaintiff should maintain the sign for two years.
Mr. Estoup, who was president of the Estoup Signs, Inc., when the contract was made, testified that the sign had not been repainted during the life of the contract and that his understanding was that it was not to be repainted unless "necessary".
Estoup Signs, Inc., went into liquidation on January 3rd, 1940. The period during which the sign was to be maintained did not expire until January 25th, 1941, nevertheless, the liquidator, Mr. Peyroux, arranged for the maintenance of this and other signs with the Industrial Electric Company until the time expired.
The contention that the liquidation of plaintiff corporation prior to the execution of the contract prevents recovery is, therefore, without merit.
The main reliance of defendant is upon the meaning of the provision of the contract with reference to painting the sign. As we have said, it is insisted that it was the unqualified obligation of the contractor to paint the sign every six months, whereas, on behalf of the contractor, it is contended that the contract did not require painting unless the advertiser insisted upon it or, in other words "if necessary".
The following articles of the Civil Code relative to the interpretation of contracts are of interest:
"Construction of words used. — The words of a contract are to be understood, like those of a law, in the common and usual *Page 644 
signification, without attending so much to grammatical rules, as to general and popular use." Article 1946.
"Common intention controls. — When there is anything doubtful in agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms. Article 1950.
"Agreement construed as a whole. — All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act." Article 1955.
"Construction by parties — Effect. — When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation. Article 1956.
Bearing in mind the foregoing articles we will now examine the text of the provision of the contract in an effort to discern the intention of the parties. It is obvious that the clause in question requires interpretation, for its meaning is obscure. The difficulty is the application of the phrase "if necessary". "Paint copy", by which is meant the plan or design or wording of the sign, is to be "furnished APP (approximately) 30 days before the repaint date". This copy may be changed and then follows the words "If necessary". If interpreted as meaning that the paint copy is to be changed if necessary, it would seem that at some time there would exist a necessity for changing the paint copy or wording of the sign. A more appropriate expression with reference to "paint copy" would be "if desirable" rather than "if necessary", for while it is possible that a change in the business of the advertiser or in the name of the corporation would make it desirable to change the "paint copy", it would hardly be necessary to do so. The same thing might be said with reference to the painting of the sign, that is to say, it would be difficult to conceive of a necessity for repainting. The more appropriate term in this case, as in the other, may be said to be "desirable" or "advisable", but as the articles of the Code admonish us, we are not to adhere too close to the niceties of grammatical construction, but to endeavor to ascertain "the common intention of the parties". In that view of the situation we are inclined to the opinion that the clause in question means that the parties intended that the sign should be repainted every six months "if necessary" rather than that the paint copy should be furnished "if necessary".
We are strengthened in this view by the testimony of Mr. Estoup, who declared that this particular clause was in a number of contracts executed by Estoup Signs, Inc., and that he understood it as meaning that the sign was to be repainted every six months if the contractor was called upon to do so by the advertiser, and that very often, with this clause in contracts, signs were repainted three times a year instead of twice if the advertiser considered it necessary.
Then too, the defendant, by its silence during the two years in which the sign had not been repainted, would seem to have put the same construction upon this clause in the contract and thus, as Article 1956 of the Revised Civil Code declares, furnishes us with "a rule for its interpretation". In any event defendant is now estopped from contending otherwise, since it nowhere appears that any objection to plaintiff's failure to repaint the sign was ever made during the existence of the contract. Meanwhile the payments due under the contract were continued regularly at first and subsequently, when in arrears, by lump sum payments of $100.
Let us assume that both parties to the contract were in good faith and that the contractor believed that it was not to repaint the sign until called upon and the advertiser that it should do so every six months whether it needed repainting or not. It was perfectly consistent with the contractor's point of view to omit repainting, but hardly consistent with the point of view of the advertiser to remain silent for eighteen months following the default of the contractor at the end of the first six months' period to live up to his undertaking. Moreover, if demand had been made upon the contractor upon its first default, it would doubtless have complied with what the advertiser believed to be its duty. At any rate, it should have had an opportunity to do so and it is inequitable to permit three defaults to occur without protest and then attempt to deprive the contractor of the consideration of the contract upon the ground that it had defaulted in its execution, so that, as we have said, assuming both parties were in good faith *Page 645 
in their understanding of what the contract provided, it is unlikely that the advertiser would have permitted the contractor to fail to repaint the sign on three different occasions without protest, and since it failed to make such protest, it must be deemed to have waived the provision of the contract, if it would bear such interpretation.
"A waiver occurs, takes place, or exists when one dispenses with the performance of something he is entitled to exact or when one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it." 31 Corpus Juris Secundum, § 61, p. 244.
It follows that the reconventional demand must be dismissed since it is based upon a claim for the return of payments made under the terms of the contract.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.