218 So.2d 634 (1969)
IDEAL LOAN OF NEW ORLEANS, INC.
v.
Moses W. JOHNSON.
No. 3294.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1969.
Sidney I. Goldman, New Orleans, for plaintiff-appellant.
Henri Loridans, Bossier City, for defendant-appellee.
Before REGAN, YARRUT and REDMANN, JJ.
*635 YARRUT, Judge.
This is a suit for the balance due on a promissory note secured by a chattel mortgage. The Trial Judge dismissed Plaintiff's suit denying it: (1) The balance due on the note; and (2), recognition of its chattel mortgage and privilege upon the movable property listed in the chattel mortgage. From this judgment Plaintiff has taken this appeal.
The Trial Judge correctly dismissed Plaintiff's claim against Defendant in personam for the balance due on the mortgage note because that obligation had been discharged in bankruptcy. However, as the Trustee in Bankruptcy disclaimed and abandoned the chattels which were the object of the chattel mortgage, the issue on appeal is whether or not Plaintiff's privilege in rem on these chattels should be recognized. At the trial Defendant claimed that he had not read the chattel mortgage when he signed it, and the part granting the chattel mortgage was blank when he signed it.
With regard to the first contention, it is well-established that one who signs a written instrument, or places his mark therein, is presumed to know its contents; and he cannot avoid its obligations merely by contending that he had not read it, or that it was not read and explained to him, or that he did not understand its provisions. St. Landry Loan Company v. Avie, La.App., 147 So.2d 725; Fontenot v. Coreil, La.App., 2 So.2d 97; Upton v. Trilbilcock, 91 U.S. 45, 23 L.Ed. 203; Price v. Taylor, La.App., 139 So.2d 230; McTee & Co. v. Brown Funeral Home, La.App., 183 So. 558.
With regard to the second contention, because there was no proof of fraud, error or misrepresentation, the contract cannot be avoided because part of it was blank when signed. McTee & Co. v. Brown Funeral Home, supra.
However, the Trial Judge did not rely on either of these contentions in ruling that the chattel mortgage was invalid. Instead, he stated that the chattels were insufficiently described. The chattels involved were described as follows:
"ONE LIVING ROOM SET CONSISTING OF:
ONE GREEN SOFA
TWO MATCHING CHAIRS
ONE END TABLE
ONE COFFEE TABLE
ONE BEDROOM SET CONSISTING OF:
ONE BED
ONE CHEST OF DRAWERS
ONE DRESSER
ONE NIGHT TABLE
ONE DINETTE SET WITH FOUR MATCHING CHAIRS
ONE REFRIGERATOR
ONE WASHING MACHINE
ONE DRYER
"TOGETHER WITH ALL OTHER FURNITURE, FIXTURES, AND CONTENTS LOCATED ON THE PREMISES."
This description might be insufficient to put third parties on notice.
The manner in which chattels must be described is provided for in LSA-R.S. 9:5352:
"Every chattel mortgage shall be in writing and the obligation secured thereby shall be described and the exact sum secured thereby shall be stated, or, if the same is to secure future advances, then the maximum amount thereof, shall be stated, and there shall also be stated whether the same be payable on demand or at what fixed or determinable future time. A chattel mortgage granted on any mass or assemblage of things, including without limitation, stocks of merchandise in retail, wholesale or manufacturing establishments, permitted by R.S. 9:5351, whether owned at the time of execution of the mortgage or to be acquired thereafter and on such additions as may come from natural increase or otherwise, shall describe the *636 same as all of a particular class or classes or grade or kind or type or species or dimensions or as a stock of merchandise to be kept at a certain location. In all other cases a full description of the property to be mortgaged shall be set forth so that it may be identified and its location shall be stated. As amended Acts 1950, No. 516, § 1."
The object of the statute, relative to execution of chattel mortgages, is to prescribe the method by which a mortgage on chattels is made effective, not as between the parties to the contract, but as against all other persons without notice of the privilege thereby conferred upon the mortgagee. Southern Enterprises v. Foster, 203 La. 133, 13 So.2d 491; All State Credit Plan Houma, Inc. v. Fournier, La.App., 175 So.2d 707; Valley Securities Co. v. De Roussel, 16 La.App. 115, 133 So. 405.
Likewise, in other jurisdictions, as between the mortgagor and mortgagee, only a general description of the chattels is required. See 15 Am.Jur.2d § 55.
Furthermore, all descriptions must be construed in view of the general principle that it is presumed the mortgagor intended to confer some benefit on the mortgagee. 15 Am.Jur.2d § 54.
In view of the above principles, we find that the description of the household goods in the act of chattel mortgage is sufficient, except the last paragraph reading: "Together with all other furniture, fixtures, and contents located on the premises."
Therefore, the judgment appealed from is affirmed regarding that part which denied Plaintiff's claim in personam for the balance still due on the chattel mortgage note; however, it is reversed regarding that part which denied the validity in rem of the chattel mortgage, except the items intended to be included in the paragraph above.
It is now decreed that Plaintiff's chattel mortgage and privilege upon the above-described movable property except as above stated, be and the same is recognized and made enforceable; all costs of this appeal to be paid by Defendant.
Affirmed in part; reversed in part.
REDMANN, Judge (dissenting in part).
"The mortgage only takes place in such instances as are authorized by law", LSA-C.C. art. 3283.
Prior to Act 65 of 1912, no mortgage of ordinary movables was "authorized by law" in Louisiana; LSA-C.C. art. 3289; see Citizens Bank of Louisiana v. Janin, 46 La.Ann. 995, 15 So. 471 (1894). That act and several since then have enacted, amended and revised the chattel mortgage law. The last prior to the 1950 Revised Statutes was Act 172 of 1944, which specifically repealed the remaining prior acts.
Section 9 of that act, now LSA-R.S. 9:5363, grants to creditors secured by chattel mortgages the same enforcement rights as creditors secured by immovable mortgages and no more. That provision remains unchanged today except by an amendment authorizing executory process when provided for by authenticated private act.
Immovable mortgages not meeting the description requirement of LSA-C.C. art. 3306 are unenforceable even between the parties; Edwards v. Caulk, 5 La.Ann. 123 (1850); State ex rel. Brisbois v. Recorder of Mortgages, 13 Orleans App. 229 (La. App.1915), cert. denied. Since under LSA-R.S. 9:5363 the chattel mortgagee has no greater enforcement right, the chattel mortgage not meeting the description requirement of LSA-R.S. 9:5352 is equally unenforceable even between the parties.[1]
*637 The question is whether plaintiff has a chattel mortgage at all. The statute states flat requirements in § 5352: "writing", amount of debt, and the description requirement discussed hereafter.
"In order to affect third persons", § 5353 stipulates the additional requirements of authentic or authenticated form, and recordation.
This is the only distinction our statute makes in reference to third persons, and from the statute it seems necessary to conclude that even between the parties, for a mortgage to come into being it must be "in writing" (not necessarily authentic or authenticated, nor recorded), state the amount of the debt, and properly describe the property mortgaged. Since these requirements are all stated by the same section 5352, if we can say the description requirement is only necessary to affect third persons, we could equally say the same about being in writing and stating the amount of the debt. This, in my opinion, is contrary to LSA-C.C. art. 3283 restricting mortgage to "such instances as are authorized by law."
The description requirement is not met in the present case, with the possible exception of the living room set of green sofa and two matching chairs (which defendant says he has never had). LSA-R.S. 9:5352 requires, for the ordinary chattel mortgage, "a full description of the property to be mortgaged shall be set forth so that it may be identified"; while for the stock-inventory type of "mortgage" of a bulk, changing in specifics, it requires only a description by class, or kind, or species. "All the refrigerators" may suffice for a bulk mortgage, but something more than "one refrigerator" seems demanded by the wording of the statute for the ordinary chattel mortgage.
Perhaps it should be noted that the abandonment by the trustee in defendant's bankruptcy of all the household goods (and a car and bank accounts) does not purport to be any recognition of any mortgage or privilege, but merely a conclusion they were not economically worth administering, whether or not subject to preferences. As to such furniture or other assets as are exempt under state law, the Bankruptcy Act recognizes the exemption, 11 U.S.C.A. §§ 24 and 1037; see also LSA-R.S. 13:3881(4). Thus this is not a case where a debtor saves assets from the bankruptcy proceedings by claiming mortgage, and then seeks to save them from mortgage foreclosure by claiming no-mortgage.
Since the majority believes the description adequate, I could concur with respect to the living room set of green sofa and two matching chairs; but in all other respects I believe the judgment should be affirmed; and I therefore respectfully dissent to that extent from the majority's conclusion.
NOTES
[1] In my opinion Durel v. Buchanan, 147 La. 804, 86 So. 189 (1920), obliges us to take this position. The ratio of Durel, which refused enforcement of a chattel mortgage against the mortgagor, was that to be effective (even against the mortgagor) a chattel mortgage must meet the statutory requirement of "a full description * * * so that same may be identified"; and that the description there did not do so:

"* * * there is nothing in this description by which any part of the property may be identified, and the uncertainty is made more uncertain still by the exception which allows the vendor [the mortgagee] to retain such articles as she may see fit." (Bracketed words supplied.)
It might be argued that there are two alternate holdings; one, the description requirement isn't met, and thus there is no mortgage; and two, the vendor-mortgagee could delete things from the mortgage and thus there is no effective mortgage. But the vendor-mortgagee's right (as of the time of the sale with mortgage?) to exclude items from the sale hardly seems a reasonable basis for denying him the right to foreclose on whatever he did sell. It appears to me that these are not alternate holdings, but only one holding, namely, lack of the required description invalidates the chattel mortgage even between the parties; and that in referring to the vendor-mortgagee's right to "retain" some items the court was merely reenforcing its statement of the failure of the description to meet the requirement.