CHASEZ, Judge.
This is a workmen’s compensation suit in which plaintiff-appellant, William Francois, is appealing from a judgment sustaining an exception of no cause of action filed by defendant-appellee, Fireman’s Fund Insurance Company.
The chronological sequence of events is that on or about November 28, 1966 plaintiff, while in the course and scope of his employment as a truck driver and laborer for the City of Gretna, was struck in the left eye by a limb or branch of a tree which had been cut and which he was loading onto his truck. Plaintiff was immediately hospitalized and corrective surgery was performed to his injured eye. He was paid compensation from the time of the accident until he was permitted to return to work in January of 1967. After returning to work he received full wages from his employer.
On May 23, 1968, again while in the course and scope of his employment, while driving a grass cutting tractor, plaintiff suffered another injury to his left eye when a piece of iron flew up and struck him. When being treated for this second injury it was discovered that plaintiff was suffering from traumatic glaucoma which had developed as a result of the first injury to his eye.
A joint petition of compromise of both accidents was filed in August, 1968, but the court-appointed attorney rejected the compromise; the court therefore refused to approve it.
Suit was filed on October 17, 1968 for the injury suffered on November 28, 1966. On November 15, 1968 defendant filed an exception of prescription based on the fact that compensation was paid until January, 1967 when plaintiff was medically discharged and returned to work; and suit was filed more than one year thereafter. This exception was overruled by the court on the theory that plaintiff was unaware that the injury had developed into traumatic glaucoma until May of 1968.
On May 28, 1969 defendant filed an exception of no right or cause of action which was heard on October 2, 1969 and judgment was rendered on the same day sustaining the exception.
The basis of the exception of no right or cause of action was that plaintiff had not become blind as a result of the accident and was in fact still working at the same job for the same wages. The court’s reasoning was that plaintiff’s cause of action would not accrue until such time as he lost the use of his left eye. In its reasons the court concluded:
“In the present case, the plaintiff has not lost his eyesight. He is still performing his work. Therefore, he has no cause of action. It is true that the plaintiff is still suffering from glaucoma, apparently, but to say that he, therefore, is entitled to compensation for the loss of his eyesight is too speculative to support a judgment.”
The opinion of the court a quo would be entirely correct had plaintiff instituted his suit for loss of an eye. However, this was not the case.
It is well settled in our law that an exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers; that for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition must be accepted as true, and that a suit will not be dismissed on exception of no cause of action if allegations of fact set forth a cause of action as to any part of the demand. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961) and authorities cited therein.
In his petition plaintiff alleged total and permanent disability. He alleged that as a result of the accident he has de *521 veloped traumatic glaucoma which can result in blindness if he fails to use eye drops prescribed by his physician. The drops, according to the petition, must be administered twice daily. Plaintiff must also wear glasses as a result of the accident. Plaintiff alleged that he must continue to use the eye drops for the remainder of his life and, therefore, further prayed for maximum medical expenses of $2,500.00.
To be considered with plaintiff’s allegations is the proposition that under LSA-R.S. 23:1221(4) (p):
“ * * * where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.” (Emphasis ours)
It can be seen that even if plaintiff has not suffered total and permanent disability he has suffered an injury which may be proved at trial to be a serious permanent impairment to his eye.
Plaintiff has alleged further that he must continue to administer the drops for the remainder of his life. Since he was injured on the job, it is entirely possible that he may be entitled to a judgment for the maximum medical benefits provided for in the statute.
These factors considered in light of the altruistic purposes of Workmen’s Compensation, we are of the opinion that the allegations of plaintiff’s petition have stated a cause of action which may be compensable even though he is not blind in the injured eye. This is especially true in this case in light of the two year peremption period provided in LSA-R.S. 23:1209 which would have run had plaintiff not filed suit when he did.
In briefs to this court, defendant has reurged the exception of prescription. However, since it did not appeal from judgment of April 30, 1969, overruling its exception of prescription, that judgment has become final and cannot be reurged at this late date.
For the reasons assigned, the judgment sustaining the exception of no cause of action filed by Fireman’s Fund Insurance Company, dismissing the suit of plaintiff, William Francois, is reversed and said exception is overruled. The case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of the lower court to be assessed on termination of proceedings there. All costs of this appeal are assessed against the defendant-appellee.
Reversed and remanded.