285 So.2d 563 (1973)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
Ken McKAY d/b/a McKay's Draperies.
No. 9508.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
*564 Joel B. Dickinson, Baton Rouge, for appellant.
John B. Noland of Breazeale, Sachse & Wilson, Baton Rouge, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Defendant McKay (Appellant) appeals from a judgment in favor of plaintiff (South Central Bell) in the sum of $328.80 pursuant to a written contract for telephone directory advertising. Appellant resists plaintiff's demands on the ground that plaintiff breached a portion of the contract calling for the listing of Appellant as a member of the National Society of Interior Designers (N.S.I.D.) under the exclusive N.S.I.D. classification published in the yellow pages of South Central Bell's 1970 Baton Rouge, Louisiana directory. Because of the alleged breach, Appellant maintains he is not liable for other directory service and advertising furnished according to the contract. In addition, Appellant reconvened for damages allegedly sustained by virtue of the claimed breach. Besides rendering judgment adverse to Appellant on plaintiff's main demand, the trial court rejected Appellant's reconventional demand. We affirm.
It is conceded that all other directory listings and advertisement contracted for were furnished as required of South Central Bell. It is also conceded that the sum of $328.80, sought by South Central Bell is the contract price of the services actually furnished. Appellant acknowledges his signature appearing on the face of the printed contract form contained on a single sheet of paper. Immediately preceding Appellant's signature, the following significant language appears in bold print:
"The undersigned hereby applies to South Central Bell Tel. Co., under the terms and conditions on reverse side hereof, for the directory advertising described herein; also for the continuance *565 of existing directory advertising, except the advertising ordered discontinued."
The following pertinent provisions appear on the reverse side of the contract form:
"Applicant hereby warrants that he is duly authorized to sell the product or service shown in the copy submitted for the advertisement or listing, and that he has the right to use and advertise the trade mark, service mark or trade name feature therefor. In the event of any objection to the Applicant's right to use or advertise such trade mark, service mark or trade name, the Telephone Company may terminate this agreement without notice."
The contract was negotiated with Appellant by Edmond C. Calmes, District Sales Manager for L. M. Berry Company, an agency retained by South Central Bell to handle solicitations for advertisement in the classified yellow pages section of Southern Bell's directories.
Mr. Calmes explained that from experience, it had been learned that disputes frequently arose concerning the rights of individuals and firms to be listed in the yellow pages under certain exclusive trade marks, service marks and trade names. To avoid involvement in such controversies, it was South Central Bell's policy not to publish the name of an advertiser under a given trade name or mark if any opposition was received or if any doubt or question arose concerning the right of the advertiser to the use of the particular trade name or trade mark. He noted that N.S.I.D. fell into this category. Therefore, each year before an advertiser was listed under the N.S.I.D. classification, a check was made with a Mrs. Nell Fetzer, Baton Rouge, Louisiana. It was Calmes' understanding that Mrs. Fetzer was the local agent or representative of N.S.I.D. He also stated that upon inquiry, Mrs. Fetzer furnished him with a letter naming all local interior designers entitled to be listed as members of N.S.I.D. Said letter, admitted into evidence over Appellant's hearsay objection, does not include Appellant as a member of N.S.I.D. Based on the letter, Calmes declined to list Appellant under the N.S.I.D. classification in the yellow pages of the 1970 directory.
The record discloses, however, that Appellant was a member of N.S.I.D. during 1970. It appears Mrs. Fetzer's exclusion of his name from the list requested by Calmes was in error.
Appellant's claim that he is not bound by the terms and provisions appearing on the reverse side of the contract form is without merit. As above noted, the contract in bold terms, immediately above Appellant's signature, directs attention to terms and provisions contained on the reverse side. It is well settled that in the absence of fraud, a person signing a written document is presumed to know its contents, and he may not avoid the obligations contained therein by claiming he did not read the instrument. Price v. Taylor, La.App., 139 So.2d 230; Ideal Loan of New Orleans, Inc. v. Johnson, La.App., 218 So. 2d 634. Appellant has made no claim of fraud herein. Under the circumstances, Appellant is bound by the contract terms relied upon by plaintiff.
Contracts are binding upon the parties thereto irrespective of the unusual nature of the features they contain. Contracts are the law between the parties and, in the absence of fraud, will be enforced by the courts regardless of the results, provided they do not contravene good morals or public policy. Succession of Caine v. Tanho Land and Cattle Co., Inc., La.App., 198 So.2d 439.
Under the contract in question, South Central Bell had the express right to delete the N.S.I.D. advertising subscribed to by Appellant if any objection arose concerning Appellant's right to the use of such classification. Plaintiff offered the Fetzer letter in evidence as being in effect an opposition or challenge to Appellant's entitlement *566 to be listed under said exclusive designation.
Appellant maintains his hearsay objection to introduction of the letter is well founded and should have been sustained. Plaintiff, however, offered the instrument to prove the "fact of utterance", that is, that the letter was received, and not to establish the truth of its contents.
The "fact of utterance" exception to the hearsay rule is widely accepted and applied. It permits introduction in evidence of a statement or instrument made or written by a third party when the offering is not intended to prove the truth of the statement or content of the instrument, but merely to establish that the statement was made or the instrument was received. The "fact of utterance" rule is applicable to a letter offered only to show notice on the part of the recipient as a result of its receipt. Jones On Evidence, 6th Edition § 17:54. Our own jurisprudence recognizes and applies the "fact of utterance" exception to the hearsay rule. See Succession of Buck, 208 La. 556, 23 So.2d 215. We find that the trial court properly admitted the Fetzer letter for the limited purpose for which it was offered in evidence.
We also agree with the trial court's conclusion that plaintiff reasonably construed the Fetzer letter as an objection or opposition to Appellant's claimed right to be listed under the exclusive trade name N.S.I.D. According to established policy, plaintiff applied to the source which it had for some time used and believed to be the proper authority for verification of claimed membership in N.S.I.D. That source submitted a membership list which did not include Appellant's name. In interpreting the letter to mean that Appellant was not a member of N.S.I.D., and regarding the communication as an objection or opposition to Appellant's claimed membership, plaintiff acted with ordinary prudence and reasonableness.
Appellant's final contention is that upon receipt of the Fetzer letter, plaintiff should have given Appellant notice and the alleged error could have been discovered and rectified. The answer to this argument is that no such notice was required by the contract. In addition, the purpose of the quoted contract provision was to remove plaintiff from involvement in conflicts or differences of opinion between prospective advertisers and organizations in which they might assert membership for advertising purposes. We find that plaintiff did not breach the agreement in any manner whatsoever. It follows that plaintiff is entitled to payment for the advertising furnished.
Our finding plaintiff free of any breach of obligation herein obviates the necessity of considering Appellant's reconventional demand for damages.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.