343 So.2d 1195 (1977)
AETNA FINANCE COMPANY
v.
Mr. Jeff ANTOINE and Mrs. Elaine Antoine.
No. 7906.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1977.
*1196 Stahl & Berke, Kenneth J. Berke, New Orleans, for plaintiff-appellee.
Noble, Moon, Slaughter & Clayton, Paula A. Perrone, New Orleans, for defendants-appellants.
Before LEMMON, GULOTTA and MORIAL, JJ.
GULOTTA, Judge.
Husband and wife, judgment debtors, appeal from the dismissal on exceptions of no cause of action and res judicata of their petition seeking injunctive relief from the seizure by writ of fieri facias of household movable furnishings, upon which a chattel mortgage had been granted. The Antoines seek to arrest the sale of seized pieces of household furnishings which are exempt under LSA-R.S. 13:3881.[1]
The debtors contend that the statutory exemption covering the seized household property[2] has not been waived by the granting of the chattel mortgage. In support of their position, the Antoines analogize the exemptions of these statutorily-exempt movables to the homestead exemption which requires a written waiver.[3] According to petitioners, if indeed authority exists for a waiver, the waiver, express or implied, must be voluntarily, intelligently and knowingly made.
Aetna claims, on the other hand, that when the debtors granted the chattel mortgage, they impliedly waived the exemptions afforded under LSA-R.S. 13:3881. Aetna alternatively argues that the default judgment maintaining the chattel mortgage against the debtors is res judicata, and any *1197 claim for injunctive relief from seizure and sale of the mortgaged items is now barred because any defenses which they may have had should have been asserted at the time the suit was brought on the note and mortgage.
Considering Aetna's contentions in reverse order, we find no merit to the claim that injunctive relief sought by petitioners is res judicata. Aetna filed suit in March, 1975, for the balance owed on a note and for recognition of the chattel mortgage. Default judgment was rendered in the amount prayed for and the chattel mortgage was recognized. In May, 1975, a writ of fieri facias was issued against the debtors, and it was at this time that the Antoines' petition for injunctive relief to arrest the sale of the seized exempt property was filed. Their petition for injunctive relief does not address itself to whether or not an indebtedness is due (subject of the default judgment), but addresses itself rather to whether or not the judgment creditor rightfully seized exempt property to satisfy the judgment. It was not until such time as the seizure included the exempt property that the debtors could be heard to complain. It was then that the Antoines brought this action for injunctive relief for the arrest of the sale of the seized exempt property. The Antoines could not have raised the issue whether the waiver in the chattel mortgage was knowingly, voluntarily and intelligently made until such time as the creditor seized the exempt items. The debtors had no way of knowing that exempt items would be seized to satisfy the judgment until they were in fact seized. The matter before us is clearly not res judicata. See Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810, 818 (La. 1974) for discussion of res judicata.
We are more concerned with the primary issue, i. e., whether the debtor who has executed a chattel mortgage may subsequently, absent allegations of fraud, assert the defense that the waiver was not voluntarily, knowingly and intelligently made.
Waiver is defined as:
"A voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed."
Breaux v. Laird, 230 La. 221, 234, 88 So.2d 33, 38 (1956). See also Pittman Construction Company v. Housing Authority of New Orleans, 248 La. 471, 179 So.2d 900, 904; Michel v. Efferson, 223 La. 136, 65 So.2d 115, 119 (1952).
As also stated in Estoup Signs v. Frank Lower, 10 So.2d 642, 645 (La.App.Orl.1942), citing 31 C.J.S. Estoppel § 61, p. 244:
"A waiver occurs, takes place, or exists when one dispenses with the performance of something he is entitled to exact or when one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it."
See also Fox v. City of Monroe, 15 La.App. 192, 131 So. 483, 484 (2d Cir. 1930).
It is well-settled that a debtor, in mortgaging his property, may waive statutory exemptions. In those instances involving the mortgage of property covered by the homestead exemption, the debtor must make a written waiver.[4] In those instances involving property exempt from seizure under LSA-R.S. 13:3881, however, no express waiver is required. Indeed, our jurisprudence recognizes an implied waiver through conduct, i. e., the execution of the chattel mortgage itself. In Kay v. Furlow, 178 La. 637, 644, 152 So. 315, 317 (1933), the Louisiana Supreme Court dealt with a case involving property exempt from seizure under Code of Practice, art. 644, the precursor to LSA-R.S. 13:3881. The defendant in Kay had executed a chattel mortgage on tools of his trade and sought an injunction to prevent the sale of the mortgaged property. *1198 In affirming a dismissal of the petition, the court stated:
"Defendant, in consenting to the mortgage, by necessary implication, waived his exemption, otherwise he would not have been granting a mortgage at all, but only a mere sham. The implied waiver, as appears from the authorities cited, is a valid waiver. The waiver, as we have seen, does not violate public policy."
See also: Kyle v. Sigur, 121 La. 888, 46 So. 910 (1908). In our case, the property seized included certain household items exempt under the terms of LSA-R.S. 13:3881; they are not items encompassed within the constitutional homestead exemption. Accordingly, in view of the Kay and Kyle decisions, we conclude that the Antoines have granted an implied waiver of their right to assert the exemptions afforded them by LSA-R.S. 13:3881.
We now turn to a consideration of whether the debtor, who has executed a chattel mortgage on exempt property, has the right to raise the defense that the implied waiver granted in the chattel mortgage was not knowingly, voluntarily and intelligently made. If we conclude that the signing of the mortgage, which lists the exempt property, cannot be vitiated by allegations and proof that the waiver was not knowingly, voluntarily and intelligently made, an irrebuttable presumption exists in favor of the validity of the waiver. If, on the other hand, the implied waiver is subject to an attack, on the grounds that the waiver was not so made, the presumption is rebuttable. To hold that the presumption is irrebuttable would result in a foreclosure (absent allegations of fraud) of the right of a debtor to attack the validity of a waiver under circumstances, where for one of many reasons, a debtor is not aware of the effect of the chattel mortgage on the exemption.
In Breaux v. Laird, supra, the court stated at page 38:
"The doctrine of waiver or estoppel contravenes the legal rights of the person sought to be estopped, and in some instances stays the operation of the usual proceedings in the adjustment of rights of individuals and for that reason should, in every instance, be applied with great care and caution. Our courts and other jurisdictions universally hold that this doctrine should be applied only in exceptional cases where its application is necessary to effectuate justice or prevent injustice, and should not be applied where it will serve as an instrument of, or operate as, a fraud, be against good conscience, work injustice or accomplish a wrong. * * *"
See also Pittman Construction Company v. Housing Authority of New Orleans, supra, at page 905. Notwithstanding the fact that a person executing a chattel mortgage knew, presumably, that he was in fact granting a chattel mortgage on the movable property,[5] he is not presumed to know the effect of a chattel mortgage on the exemption. Accordingly, we hold that the irrebuttable presumption does not exist, and a debtor is not foreclosed from attacking the validity of the waiver under circumstances where the debtor shows the waiver was not knowingly, voluntarily and intelligently made.
Having so concluded, we are next confronted with the question whether the petition, in the instant case, states a cause of action. The petition for injunction alleges that ". . . the plaintiff was not entitled to seize those exempt goods because the implied waiver of the debtor's right to retain certain exempt goods was not an intelligent, voluntary and knowing waiver".
For the purposes of an exception of no cause of action, well-pleaded allegations of the petition are accepted as true. See Francois v. Fireman's Fund Insurance Company, 236 So.2d 519 (La.App. 4th Cir. 1970). However, the petition in our case alleges conclusions of law rather than facts upon which those conclusions are based. Under the circumstances, we conclude the petition does not state facts upon which to base a cause of action. The exception was properly *1199 maintained. However, as in the instant case, where the objection raised by the peremptory exception may be cured by amendment, the petitioners shall be granted the opportunity to amend. See LSA-C.C.P. art. 934.
Accordingly, the judgment dismissing the Antoines' suit is reversed and set aside. Judgment is now rendered and recast as follows: The exception of res judicata is overruled. The exception of no cause of action is maintained; however, leave is afforded to petitioners (the Antoines) to amend within the time to be determined by the trial judge. The matter is remanded for further proceedings not inconsistent herewith.
REVERSED, RENDERED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, concurs and assigns reasons.
This case raises the issue of whether a chattel mortgagee has the affirmative duty to explain to a debtor who executes a chattel mortgage that he thereby waives his statutory exemption from seizure, or whether the mortgagee merely has a negative duty to refrain from misleading the debtor.
In civil law a person is generally presumed to know the legal effects of his acts. When a debtor executes a contract of chattel mortgage, he is presumed to know the legal consequences.[1] Therefore, an allegation of the lack of knowledge of legal consequences is not sufficient to state a cause of action to prevent seizure.
I disagree with the majority decision insofar as it appears to require that the mortgagee provide an affirmative explanation of the legal consequences in every mortgage transaction. Such a requirement would invite a swearing match over the validity of the waiver whenever statutorily exempt chattels are seized. I would limit such contests to those cases in which there are allegations of fraud, misrepresentation or other vice of consent.
However, the conclusionary statements in the petition may be based on the fact that the debtors were misled or defrauded. Therefore, I have no strong objection to allowing the debtors an opportunity to provide particular facts in support of their allegations in an attempt to cure the objections raised by the exception, which challenged the petition peremptorily prior to trial.
NOTES
[1] LSA-R.S. 13:3881, in pertinent part, reads as follows:

§ 3881. General exemptions from seizure; waiver of sovereign immunity from garnishment
"The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
* * * * * *
"(4) The clothing, bed, bedding, bedstead, linen, china, glasses, knives, forks, spoons, dining table and chairs, cooking stove, kitchen utensils, pressing irons, washtubs, and refrigerator (electric or otherwise) used by him or a member of his family; the family portraits; his arms and military accoutrements; the musical instruments played or practiced on by him or a member of his family; and the poultry and fowl kept by him for the use of his family. * * *"
[2] Among the mortgaged items seized were beds, a dinette table and matching chairs, a refrigerator, a gas range, a washing machine and a dryer.
[3] See homestead exemptions, Const. of 1921, Art. XI, Secs. 1 and 3, and carried over in Art. 14, Sec. 35, La.Const. of 1974.
[4] See La.Const. of 1921, Art. XI, Sec. 3.
[5] See Ideal Loan of New Orleans, Inc. v. Johnson, 218 So.2d 634 (La.App. 4th Cir. 1969).
[1] Indeed, the consequences of the bargain are most plain. The debtor bargains that if he does not pay as promised, the mortgagee may seize the mortgaged property, even that property which would be exempt from seizure for an ordinary debt.