HALL, Judge.
Plaintiff, Harry Dudley Beal, filed a petition to foreclose by executory process on several chattel mortgages executed by the defendant, Willard Moore Marina, Inc., including two chattel mortgages dated February 13, 1976 purporting to cover and affect masses and assemblages of things located at the defendant’s business address in Shreveport. Pioneer Bank & Trust Company filed a petition of intervention seeking to have its mortgage, dated June 26, 1978, executed by the defendant, covering all the inventory and stock of merchandise of the defendant located at the same address, recognized as a first mortgage affecting the property described therein. After trial the district court rejected the intervenor’s demands and the intervenor appealed.
On appeal intervenor contends that the trial court erred in not recognizing its mortgage as a first mortgage affecting the defendant’s stock of merchandise. Intervenor contends that plaintiff’s chattel mortgages are not effective as mortgages of masses or assemblages of things or of stocks of merchandise so as to attach to after-acquired additions to the original stock of goods as provided in LSA-R.S. 9:5351 because the mortgages do not describe the mortgaged property as “all of a particular class or classes or grade or kind or type or species or dimensions or as a stock of merchandise to be kept at a certain location” as required by LSA-R.S. 9:5352A. Intervenor contends that plaintiff’s mortgages should be given effect only as to the specific items listed therein which can be identified and that, otherwise, intervenor’s mortgage should be given effect as a first mortgage affecting defendant’s inventory and stock of merchandise.
Plaintiff’s mortgages described the mortgaged property as follows:
“The property described in Exhibit ‘A’ which is annexed hereto and made a part hereof for all purposes.
“Said property is now and shall remain located at 1550 Cross Lake Boulevard, Shreveport, Louisiana.
“It being intended, in accordance with R.S. 9:5351 that the lien of this mortgage shall cease as to all of such property disposed of by the mortgagor in the ordinary course of business up to the time of foreclosure, but shall attach to the purchases made by mortgagor to supply and replace such property disposed of and to other after acquired additions to said masses or assemblages of the property as described in Exhibit ‘A’.”
*1159 Exhibit “A” attached to one mortgage contains several headings: “BOATS”, “TRAILERS”, “MOTORS”, “USED BOATS, MOTORS, AND TRAILERS” an<j “TROLLING MOTORS”. A number of specific items with serial numbers are listed under each heading. Exhibit “A” attached to the other mortgage contains the heading “Accessories” followed by a long list of specific marine accessories.
Intervenor’s mortgage, about which no question is raised as to the description, covers all the masses or assemblages of inventory of stocks of merchandise including, but not limited to, fishing gear, tackles, bait, skis, life jackets, motor oil, and other necessities, and conveniences used in water sports of any nature and any other assorted or associated items used in the overall operation and owned by mortgagor.
LSA — R.S. 9:5351 authorizes the mortgaging of masses or assemblages of things including stocks of merchandise or other things in bulk, but changing in specifics, and provides that the effect of the mortgage shall cease as to all articles disposed of by the mortgagor up to the time of foreclosure but shall attach to the purchases made to supply their place and to other after-acquired additions to the original stock of goods, merchandise, or other things in bulk originally mortgaged to secure the debt. LSA — R.S. 9:5352A provides that a chattel mortgage granted on any mass or assemblage of things including stocks of merchandise shall describe the same as all of a particular class or classes or grade or kind or type or species or dimensions or as a stock of merchandise to be kept at a certain location.
Plaintiff’s mortgages, do not describe the property as inventory or stocks of merchandise. The mortgages are not, therefore, necessarily effective as to defendant’s entire stock of merchandise, regardless of nature or kind, as was the case in Arenson International, Inc. v. Shelving Systems Corp., et al., 369 So.2d 1212 (La.App. 2d Cir. 1979) where the mortgage specifically covered the mortgagor’s “inventory”.
The mortgages do, however, refer specifically to “masses and assemblages” of property and to the applicability of the mortgages to after-acquired additions to the masses and assemblages of property as provided in LSA-R.S. 9:5351. The mortgages also describe particular kinds or types of property, namely: boats, trailers, motors, used boats, motors, and trailers, trolling motors and accessories. In these respects the description contained in the mortgages involved in this case is distinguishable from those involved in All State Credit Plan Houma, Inc. v. Fournier, 175 So.2d 707 (La. App. 1st Cir. 1965); and Ideal Loan of New Orleans, Inc. v. Johnson, 218 So.2d 634 (La. App. 4th Cir. 1969), relied on by intervenor, whére the mortgages only described specific items and not kinds or types of items.
The mortgages in question here comply with the requirements of the statutes for the mortgage of masses and assemblages of things, but changing in specifics. As to the described types and kinds of masses or assemblages of property, plaintiff’s mortgages are effective and attach to purchases made to replace such types and kinds of property originally mortgaged. As to these types and kinds of property intervenor’s mortgage, executed and recorded subsequent to plaintiff’s mortgages, is inferior to plaintiff’s mortgages.
The record does not reflect whether any of the property presently located at the defendant’s premises which has been seized pursuant to plaintiff’s petition for executo-ry process is of a type or kind other than described in plaintiff’s mortgages. Since plaintiff’s mortgages do not necessarily cover all of defendant’s stock of merchandise and since intervenor’s mortgage clearly does, the judgment of the district court rejecting intervenor’s demands in toto is too broad and should be recast.
Plaintiff’s alternate contention that in-tervenor’s actual knowledge of the existence of plaintiff’s mortgages cures any defects therein is without merit. The issue here is not notice or knowledge, either actual or constructive through' recordation; the issue is what property is affected by the *1160 mortgages under the provisions of the mortgages and applicable law.
A further alternate contention of plaintiff is that intervenor’s mortgage is ineffective because it does not contain the caption “Collateral Chattel Mortgage” as required by LSA — R.S. 9:5352B. This contention is also without merit because there is nothing in intervenor’s mortgage or in the record to indicate that intervenor’s mortgage was to be used to secure future advances, a prerequisite to the requirement contained in LSA-R.S. 9:5352B.
For the reasons assigned, the judgment of the district court is recast as follows: It is ordered, adjudged, and decreed that as between plaintiff, Harry Dudley Beal, and intervenor, Pioneer Bank & Trust Company, the chattel mortgages held by plaintiff dated February 13,1976, recorded February 17, 1976, under Registry Nos. 537130 and 537131 are superior to and prime the chattel mortgage held by intervenor dated June 26, 1978, recorded June 27, 1978, under Registry No. 600250, as to all of the masses and assemblages of boats, trailers, motors, used boats, motors, and trailers, trolling motors, and accessories owned by the defendant, Willard Moore Marina, Inc., on the date of foreclosure, September 28, 1978, located at 1550 Cross Lake Boulevard, Shreveport, Louisiana. It is further ordered, adjudged, and decreed that the said mortgage held by intervenor is superior to and primes the said mortgages held by plaintiff as to any other types and kinds of the mass and assemblage of stock of merchandise of the defendant located at said premises. This action is remanded to the district court for further proceedings in accordance with this opinion and in accordance with law. All costs of this proceeding, including the cost of appeal, are assessed to the intervenor, Pioneer Bank & Trust Company.