ELLIS, Judge:
In January, 1975, Great River Funding Co. was seeking telephone service from South Central Bell, which required a $300.00 deposit. In lieu thereof, Great River furnished to Bell an “Unlimited Contract of Guaranty”, signed by David M. Ferrell as Guarantor, which reads as follows:
“WITNESSETH: That, whereas South Central Bell Telephone Company, hereinafter called “Telephone Company”, as a condition to furnishing the above named Applicant, at the above stated service location, telecommunications, has requested Applicant to establish credit by making a cash deposit with the Telephone Company to secure payment for telecommunications or in lieu of a deposit at this time, to furnish a satisfactory guarantor for payment of charges for telecommunications; NOW, THEREFORE, the undersigned GUARANTOR, residing at the address shown above, in consideration of the Telephone Company furnishing the Applicant telecommunications without requiring a deposit at this time, hereby absolutely and unconditionally GUARANTEES to the Telephone Company the PAYMENT BY APPLICANT OF ALL CHARGES FOR TELECOMMUNICATIONS, for which Applicant may now be liable or for which Applicant may in the future become liable.
“Guarantor covenants and agrees that, if Applicant at any time shall be in default in the payment of the charges for said telecommunications, the undersigned Guarantor will pay all outstanding charges at the Telephone Company’s business office designated below. In the event Guarantor defaults in making payment at the business office as aforesaid, Guarantor agrees that the amount due from Applicant may be transferred to any account Guarantor has with the Telephone Company, and Guarantor understands and agrees that Guarantor’s telephone service is subject to suspension if all charges, including the charges due from Applicant which have been transferred to Guarantor’s account, are not promptly paid when due.
“Guarantor hereby waives notice of acceptance of the guaranty, notice of default and nonpayment by Applicant, demand and presentment to Guarantor for payment, protest and diligence in bringing suit against any party hereto, and consents that time of payment may be extended by the Telephone Company without notice thereof. If suit be brought to enforce Guarantor’s obligation herein assumed, Guarantor agrees to be further liable and indebted for the court costs and reasonable attorney fees thereby incurred.
“This contract of Guaranty shall remain in full force and effect until 30 days after receipt by the Telephone Company of Guarantor’s written notice to terminate this contract delivered to the Telephone Company’s business office designated below; provided, however, that Guarantor’s liability hereunder shall remain in effect after the termination of this contract with respect to any and all charges for telecommunications incurred by Applicant at any time prior to the effective date of the termination of this contract. This contract of Guaranty shall apply to all telecommunications which Applicant may from time to time be furnished at the above listed service location.”
*140 Telephone service was discontinued by Bell because of non-payment on May 21, 1976, at which time there was a total balance due of $4,807.28. This suit was filed thereafter by Mr. Ferrell, seeking a declaratory judgment declaring the contract to be null and void, and that he owed nothing to Bell. Bell answered and reconvened for the $4,807.28 allegedly due it.
After trial on the merits, judgment was rendered in favor of Bell, dismissing plaintiff’s main demand and rendering judgment in favor of Bell on its reconventional demand. Plaintiff has appealed.
At the trial, Mr. Ferrell admitted having signed the contract of guaranty, but stated that someone at the telephone company had told him that he could not be liable for more than $300.00.
The record further shows that Great River had a spotty credit record, but that its account was current as of January, 1976. Bell furnished no notice of delinquency to Mr. Ferrell until after the service was disconnected and the total amount due had reached $4,807.28.
In this court, Mr. Ferrell makes a number of arguments. First, it is argued that, in failing to notify Mr. Ferrell of the accumulating arrearages, Bell was in bad faith and therefore breached the guaranty contract. However, Bell had no such obligation under the contract, and plaintiff had specifically waived notice of non-payment and default in the contract. Bad faith cannot arise from failure to do that which one is specifically exempt from doing under the terms of a contract.
Mr. Ferrell further argues that his liability should have been limited to $300.00, since his guaranty was given in lieu of a $300.00 deposit. We agree with the trial judge that there is no merit to this contention. The express and unambiguous terms of the guaranty specify no such limit, and Bell permitted the balance due on the phone bill to increase beyond that amount in reliance thereon. The trial court did not accept Mr. Ferrell’s somewhat vague testimony that someone at the phone company had told him that his liability was limited to $300.00. He found that the terms of the agreement were binding on Mr. Ferrell, and imposed no limit to his liability.
Plaintiff’s third contention is that he cannot be held liable for any charges made on the credit cards issued to Great River, because the calls were placed from locations other than Great River’s office, and were therefore not services furnished at “the above listed service location.” The trial judge found that the credit cards were issued to that location, and calls were billed to that location, and that the charges were therefore for telecommunications furnished to that location. We find no error in his determination.
As we said in South Central Bell Telephone Company v. McKay, 285 So.2d 563 (La.App. 1st Cir. 1973):
“Contracts are the law between the parties and, in the absence of fraud, will be enforced by the courts regardless of the results, provided they do not contravene good morals or public policy.”
Plaintiff is bound by the contract which he executed, by the terms of which he is obligated to pay the charges incurred by Great River for telephone service.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.