403 So.2d 698 (1981)
David M. FERRELL
v.
SOUTH CENTRAL BELL TELEPHONE CO.
No. 81-C-0163.
Supreme Court of Louisiana.
September 8, 1981.
*699 E. Drew McKinnis and Joseph E. Juban of McKinnis, Juban & Bevan, Baton Rouge, for plaintiff-applicant.
Pamela A. Prestridge of Breazeale, Sachse & Wilson, Baton Rouge, for defendant-respondent.
MARCUS, Justice.
Great River Funding Company was organized in January of 1975. The company sought telephone service from South Central Bell Telephone Company at a certain location. Bell informed Great River that it would have to deposit $300 with Bell or obtain a letter of guaranty. David M. Ferrell, who at the time was an officer and stockholder of the company as well as being its landlord, signed an unlimited contract of guaranty in which he guaranteed to Bell the payment by Great River of all of its charges for telecommunications. Subsequently, Bell issued five credit cards to Great River on the telephone number at its service location. The last three cards were issued in December of 1975. Great River was current on all charges prior to January 1976 but due to the company's history of delinquent payments, NSF checks and large telephone expenses, Bell requested $1,000 deposit from Great River on January 19, 1976. William T. Hunter, organizer and operator of Great River, asked for an extension to pay the deposit, stating that the situation looked brighter for the company and that Mr. Ferrell was personally responsible for the account. Bell granted a ninety-day extension to pay the deposit. Thereafter, Bell received several payments by checks, some of which were returned marked NSF. Payments were also received to cover the NSF checks. The last payment on the account ($533.53) was received on April 12, 1976. When no further payments were made, Bell found it necessary to temporarily interrupt service on May 12, 1976. Service was completely disconnected on May 21. At the time service was terminated, Bell's records showed that Great River owed $2,404.24 but due to a time lag in recording charges for long distance calls and the return of an NSF check, this amount increased to $4,807.28 of which $1,836.69 represented credit card calls.
In June 1976, a Bell representative phoned Mr. Ferrell informing him of Great River's delinquent account and advising him that his personal phone service would be terminated if he failed to pay the bill. On August 23, 1976, he was sent formal notice that Great River owed $4,807.28 and that this amount would be transferred to his account and be reflected on his next telephone bill. On September 17, 1976, Mr. Ferrell filed suit seeking a declaratory judgment decreeing that the contract of guaranty be null and void and that he owed nothing to Bell in connection with said contract. Bell filed an answer to the petition and incorporated in its answer a reconventional demand against Ferrell for the sum of $4,807.28. The trial judge, finding that the contract was a "valid unlimited contract of guaranty," rendered judgment in favor of Bell and against Ferrell on the principal demand, dismissing Ferrell's suit at his cost, and in favor of Bell on its reconventional demand and against Ferrell in the sum of $4,807.28 together with legal interest thereon from September 17, 1976 until paid and all costs. Ferrell appealed. The judgment of the trial court was affirmed by the court of appeal.[1] On Ferrell's application, we granted certiorari to review the correctness of that decision.[2]
On January 22, 1975, Mr. Ferrell signed the following document entitled "UNLIMITED CONTRACT OF GUARANTY":
WITNESSETH: That, whereas South Central Bell Telephone Company, hereinafter called "Telephone Company", as a condition to furnishing the above named *700 Applicant, at the above stated service location, telecommunications, has requested Applicant to establish credit by making a cash deposit with the Telephone Company to secure payment for telecommunications or in lieu of a deposit at this time, to furnish a satisfactory guarantor for payment of charges for telecommunications; NOW, THEREFORE, the undersigned GUARANTOR, residing at the address shown above, in consideration of the Telephone Company furnishing the Applicant telecommunications without requiring a deposit at this time, hereby absolutely and unconditionally GUARANTEES to the Telephone Company the PAYMENT BY APPLICANT OF ALL CHARGES FOR TELECOMMUNICATIONS, for which Applicant may now be liable or for which Applicant may in the future become liable.
Guarantor covenants and agrees that, if Applicant at any time shall be in default in the payment of the charges for said telecommunications, the undersigned Guarantor will pay all outstanding charges at the Telephone Company's business office designated below. In the event Guarantor defaults in making payment at the business office as aforesaid, Guarantor agrees that the amount due from Applicant may be transferred to any account Guarantor has with the Telephone Company, and Guarantor understands and agrees that Guarantor's telephone service is subject to suspension if all charges, including the charges due from Applicant which have been transferred to Guarantor's account, are not promptly paid when due.
Guarantor hereby waives notice of acceptance of the guaranty, notice of default and non-payment by Applicant, demand and presentment to Guarantor for payment, protest and diligence in bringing suit against any party hereto, and consents that time of payment may be extended by the Telephone Company without notice thereof. If suit be brought to enforce Guarantor's obligation herein assumed, Guarantor agrees to be further liable and indebted for the court costs and reasonable attorney fees thereby incurred.
This contract of Guaranty shall remain in full force and effect until 30 days after receipt by the Telephone Company of Guarantor's written notice to terminate this contract delivered to the Telephone Company's business office designated below; provided, however, that Guarantor's liability hereunder shall remain in effect after the termination of this contract with respect to any and all charges for telecommunications incurred by Applicant at any time prior to the effective date of the termination of this contract. This contract of Guaranty shall apply to all telecommunications which Applicant may from time to time be furnished at the above listed service location.
The sole issue for our determination is whether under the above contract of guaranty Mr. Ferrell, as guarantor, is obligated to pay Bell the $4,807.28 owed by Great River.
Contracts of guaranty or suretyship are subject to the same rules of interpretation as contracts in general. American Bank & Trust Co. v. Blue Bird Restaurant & Lounge, Inc., 279 So.2d 720 (La.App. 1st Cir. 1973), aff'd, 290 So.2d 302 (La.1974). Agreements legally entered into have the effect of laws on those who formed them and must be performed with good faith. La.Civ.Code art. 1901. Courts are bound to give legal effect to all such contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences. La.Civ.Code art. 1945. All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act. La.Civ.Code art. 1955.
Applying these principles of contract interpretation to the contract of guaranty, we agree with the courts below that Mr. Ferrell is obligated to pay Bell the $4,807.28 owed by Great River. The contract clearly and explicitly states that Mr. Ferrell absolutely *701 and unconditionally guarantees to Bell the payment by Great River of all charges for telecommunications for which Great River might become liable. Despite Mr. Ferrell's contention that his liability should be limited to $300 since the guaranty was given in lieu of a $300 deposit and that someone at the phone company told him that his liability was limited to $300, the express and unambiguous terms of the guaranty specify no such limit and Bell permitted the balance due on the phone bill to increase in reliance thereon.
Next, Mr. Ferrell contends that he cannot be liable for any charges made on the credit cards issued to Great River because the calls were placed from locations other than the "service location." The credit cards were issued to that location and calls were billed to that location. Hence, the charges were for telecommunications furnished to that location. While the credit cards gave the employees of Great River a more convenient way to charge long distance calls to the company, it did not expand the guaranty agreement as that contract states that it shall apply to "all telecommunications."
Finally, there is no merit to Mr. Ferrell's contention that, in failing to notify him of the accumulating arrearages, Bell was in bad faith and therefore breached the guaranty contractor. Bell had no such obligation under the contract and Mr. Ferrell had specifically waived notice of non-payment and default and agreed that the time of payment could be extended by Bell without notice thereof. Moreover, under the facts of this case, we are unable to say that Bell was in bad faith by not terminating service at an earlier date.
In sum, Mr. Ferrell signed a valid unlimited contract of guaranty in which he absolutely and unconditionally guaranteed to Bell the payment by Great River of all charges for telecommunications incurred by Great River. As guarantor, Mr. Ferrell is obligated to pay Bell the $4,807.28 owed by Great River.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting in part.
Bell required a $300 deposit from the corporate customer or a guaranty in lien thereof. Ferrell's guaranty was expressly accepted by Bell as a substitute for the $300 deposit. In view of these facts, clearly understood by both Bell and Ferrell, the parties impliedly intended that the guaranty was limited to $300, the amount of the required deposit. Accordingly, the judgment should be reduced to $300.
NOTES
[1] 392 So.2d 138 (La.App. 1st Cir. 1980).
[2] 397 So.2d 802 (La.1981).