240 So.2d 417 (1970)
Edgar EZERNACK, Plaintiff-Appellee,
v.
CHIEF MOTOR COMPANY, Inc., et al., Defendants-Appellants.
No. 3192.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1970.
*418 Whitehead & McCoy by Kenneth D. Mc-Coy, Jr., Natchitoches, for plaintiff-appellant.
Sam Nelken, Natchitoches, for defendants-appellees.
Before FRUGEé, SAVOY and HOOD, JJ.
SAVOY, Judge.
This lawsuit arose out of the purchase of a 1966 Chevrolet automobile by plaintiff from Chief Motor Company, Inc., on February 10, 1968. Named as defendants are Chief Motor Company, Inc., its president, William P. Lenard, and its bonding company, Reliance Insurance Company. For convenience, Chief Motor Company, Inc. will sometimes be referred to as the defendant. Plaintiff alleges he bought the car from defendant for a total price of $1,500.00, granting a chattel mortgage on the car for that amount. He alleges he paid defendant $2,125.00, but defendant refused to grant a satisfaction of the mortgage and to deliver to plaintiff the title to the car. Instead, defendant demanded further payments. It is further alleged that Chief Motor Company, Inc. was engaged in the business of a sales finance company and was not licensed as required by LSA-R.S. 6:952, subd. B at the time of the transaction. Plaintiff sues for cancellation of the chattel mortgage, delivery of the title, and for penalties and attorney's fees under the provisions of LSA-R.S. 6:960, subd. C.
Defendants filed an answer alleging the consideration for the transaction in question was $3,900.00, represented by two promissory notes, one note for $1,500.00 secured by the chattel mortgage on the car, and one note for $2,400.00 secured by pledge of the title to the car. The defendant, Chief Motor Company, Inc., filed a reconventional demand on the $2,400.00 note seeking judgment for the balance due, plus interest and attorney's fees as provided in the note. Plaintiff filed an answer denying the allegations of the reconventional demand, and answering alternatively that any obligation on the said note was void and unenforceable because of failure of consideration.
After trial on the merits, judgment was rendered for plaintiff ordering defendants, William P. Lenard and Chief Motor Company, Inc. to deliver to plaintiff the title to the car, free and clear of mortgages. All other demands of plaintiff were rejected. Judgment was rendered on the reconventional demand in favor of Chief Motor Company, Inc. and against plaintiff in the sum of $1,775.00, with interest at 8% per annum from June 1, 1969, until paid, and for 20% of the principal and interest as attorney's fees. All costs of the proceedings were assessed against Chief Motor Company, Inc. and William P. Lenard. From this judgment, plaintiff appealed to this Court. Defendants did not appeal or file an answer to the appeal.
The record shows that on February 10, 1968, plaintiff purchased a used 1966 Chevrolet automobile from Chief Motor Co., Inc. in Natchitoches, Louisiana. Chief Motor Co., Inc. was represented by its president, William P. Lenard, and was bonded by a surety bond for motor vehicle dealers issued by Reliance Insurance Company. At the time of the transaction, Chief Motor, Co., Inc. was a licensed motor vehicle dealer, but did not possess a separate license authorizing it to finance cars under The Motor Vehicle Sales Finance Act, LSA-R.S. 6:951 et seq. On the date of the sale, several instruments were signed and photocopies of these were introduced into evidence. Plaintiff received a bill of sale, which was filed as an official document with the Motor Vehicle Division, Department of Revenue, State of Louisiana, on *419 the issuance of the title to plaintiff's name. It showed a cash sales price of $1,100.00; State sales tax of $22.00; cost of license tags of $6.00; and official fees of $15.00; indicating a "Total Cash Sale Price" of $1,143.00. Cost of insurance and other benefits was shown at $250.00, and a finance charge of $107.00 was added, to bring the "Total Balance Due" to $1,500.00. There was no trade-in or other allowance shown. The instrument indicated the $1,500.00 sales price was payable in 15 monthly installments of $100.00 each, beginning March 10, 1968.
Plaintiff signed a mortgage on the car, securing a promissory note for $1,500.00, dated February 10, 1968, payable to Chief Motor Co., Inc., with interest at 8% from maturity, payable in 15 monthly installments of $100.00 each, beginning March 10, 1968. The mortgage was also registered with the State of Louisiana.
Plaintiff also signed an unsecured promissory note dated February 10, 1968, payable to Chief Motor Co., Inc. for $2,400.00, payable in 24 monthly installments of $100.00 each, beginning June 10, 1969, and bearing interest from maturity.
It was stipulated at the trial that plaintiff made payments totaling $2,125.00. Although there was some confusion in his testimony, plaintiff finally acknowledged that when he signed the car papers it was his understanding that eventually he was going to pay $3,900.00 for the car. William P. Lenard testified that the total cash price of the car was $3,600.00, and that $300.00 was added as interest, to make a total of 39 monthly payments of $100.00, or $3,900.00.
Plaintiffs maintains that the district court erred in failing to hold Chief Motor Co., Inc. to the terms of the bill of sale filed with the State of Louisiana as an official document, and in allowing evidence to contradict the recitals of this sworn document. It is maintained that the district court erred in finding that the second note was an enforceable obligation and in granting judgment thereon. Plaintiff maintains that LSA-R.S. 6:960, subd. C does not require a "willful" intent to evade its provisions before the penalties and attorney's fees set forth therein are assessable, and that he should be granted judgment for twice the difference between the cash price set forth in the bill of sale of $1,100.00 and the total sum claimed of $3,900.00 (two times $2,800.00), or $5,600.00, as penalties under that section, plus attorney's fees of $2,000.00. Defendants maintain that the judgment of the district court should be affirmed.
This Court agrees with the basic findings of fact as made by the district court. It is clear that Chief Motor Co., Inc. was engaged in the business of a sales finance company and did not have the license required by The Motor Vehicle Sales Finance Act, LSA-R.S. 6:951 et seq. The transaction between the parties on February 10, 1968, fell within the purview of that act. William P. Lenard testified to and the plaintiff acknowledged a total sales price of $3,900.00 in 39 monthly payments, as represented by the two promissory notes. It was stipulated that $2,125.00 had been paid, so judgment was properly rendered in reconvention against plaintiff for the balance due on the unsecured note of $1,775.00, plus interest and attorney's fees as provided in the note.
Plaintiff maintains that evidence should not have been allowed to contradict the recitals of the bill of sale filed as an official document with the state. No jurisprudence was cited in support of this argument. It is noted that this document contains the signatures of both parties to the transaction. Simultaneously with the signing of the bill of sale, the plaintiff also signed the two promissory notes with the knowledge that he was to eventually pay $3,900.00 for the car, by making a total of 39 monthly payments of $100.00 each. This court finds no error in the introduction of all written documents to show the real nature of the transaction. The oral testimony, including plaintiff's admission, was proper to show that the sale of the car *420 was the consideration given for the two promissory notes signed by plaintiff.
The next issue is whether or not penalties and attorney's fees should be assessed under the provisions of LSA-R.S. 6:960, subd. C. This section provides in part that "any person who, without previously purchasing a license hereunder, engages in the business of seller, holder or sales finance solicitor shall pay the buyer, * * *, a sum equal to two times the total interest, finance charge, documentary and any other charges originally computed and added to the principal amount financed, plus reasonable attorney's fees to be determined by the administrator or, in event of suit, by the district judge before whom the case is tried, * * *." The district court refused to assess damages and attorney's fees because it found that Chief Motor Co., Inc. had not willfully intended to evade the act. Without considering whether or not there was a willful violation of the act, this court finds as a matter of law that penalties and attorney's fees should be assessed under LSA-R.S. 6:960, subd. C. For the criminal penalties of LSA-R.S. 6:960, subd. A to apply, the act requires a showing that the violation of the act was willful and intentional. Likewise, for the penalties of subsection "B" to apply, the violation must be willful. However, for the penalties provided in subsection "C" there is no requirement that the violation of the act be "willful" in nature. Subsection "C" provides in part and in addition to certain fees and penalties payable to the administrator that any person who engages in the business of a sales finance company without previously purchasing a license shall pay the buyer the stated penalties plus reasonable attorney's fees. No requirement is made that the violation be willful.
In order to fix the penalties, this Court must first determine the "total interest, finance charge, documentary and any other charges originally computed and added to the principal amount financed." The testimony of plaintiff is conflicting as to the amount to be financed and the finance charges, and this Court will accept the testimony of Lenard that the interest charges added were $300.00. Documentary charges are shown to be $15.00. (We also find that the item of "cost of insurance and other benefits" in the amount of $250.00 should be included as one of the "other charges". These total $565.00.) Penalties will be fixed at two times the above amount, which is $1130.00.
Plaintiff asks that the sum of $2,000.00 be fixed as attorney's fees, whereas defendants maintain that attorney's fees must be determined as provided in the act by the district judge before whom the case is tried. In order to avoid the added expenses of remanding the case to the district court, over which this court has appellate jurisdiction, we will fix the attorney's fees on the basis of the record as provided in Article 2164 of the Code of Civil Procedure. There are no cases fixing attorney's fees under the particular statute in question, and the fees fixed by other penalty statutes can be considered as persuasive. The amount of reasonable attorney's fees as allowed addresses itself to the discretion of the court. Factors which may be considered include the amount involved and the degree of skill and volume of work necessarily performed by the attorneys in prosecution of the claim. See Roberie v. Ashy Construction Company, 215 So.2d 857 (La.App. 3 Cir. 1968), and cases therein cited. In the present case we think an attorney's fee of $1,000.00 is appropriate.
For the reasons above assigned, the judgment of the district court is reversed insofar as it rejected the demands of plaintiff for penalties and attorney's fees, and judgment is hereby rendered in favor of plaintiff and against the defendants, Chief Motor Co., Inc. and Reliance Insurance Company, in solido, for penalties in the amount of $1,142.00, and attorney's fees in the amount of $1,000.00.
*421 In all other respects, the judgment appealed from is affirmed. All costs on appeal are assessed against Chief Motor Co., Inc. and Reliance Insurance Company.
Affirmed in part, reversed in part and rendered.
HOOD, Judge (dissenting).
I agree with most of the conclusions reached by the majority in this case, but I cannot subscribe to the interpretation which they have given to subsection C of LSA-R.S. 6:960, which provides that the amount of the penalty imposed by this act must be computed on the basis of "total interest, finance charge, documentary and any other charges originally computed and added to the principal amount financed * * *."
My colleagues, for instance, included as "documentary charges" of $21.00, the cost of license tags ($6.00). I feel that the legislative reference to "documentary fees" contemplates only notorial or recording expenses directly related to the execution of the sale itself, and that the term should not be construed to encompass the expense of procuring license tags.
Also, I believe that the $250.00 listed on the Bill of Sale as "cost of insurance and other benefits" should not be assessed against the defendant on the premise that it comes within the "other charges" clause of this subsection. A reading of this clause in its entirety convinces me that the "other charges originally computed and added to the principal amount financed" were intended to include only charges in the nature of interest or finance charges, which were added as a return on the seller's investment. I fail to see how the cost of insurance coverage qualifies as a finance charge.
The jurisprudence of this State is well established that statutory penalty clauses are to be strictly construed and this legal principle is clearly applicable to the instant case. Harmon v. Lumbermen's Mutual Casualty Co., 247 La. 263, 170 So.2d 646 (1965); Gatte v. Coal Operators Casualty Co., 225 So.2d 256 (La.App. 3 Cir. 1969); Sciortino v. Louisiana State Board of Cosmetology, 194 So.2d 409 (La.App. 4 Cir. 1967).
Finally, I feel that the award of $1,000.00 as attorney's fees is excessive and should be reduced to a figure of about $500.00. The amount involved in the claim should be considered, and I think the fee allowed here is disproportionate to the amount of this claim.
For the foregoing reasons, I respectfully dissent.