STOULIG, Judge.
Plaintiff, H. L. Olson, filed this suit against Security Van Lines, Inc., endeavoring to recover $3,053.50 for a Persian rug ruined by moth infestation while in storage with defendant, the cost of storage, and extermination expense incurred in an attempt to salvage the rug. Defendant pleaded special defenses based on its contract of storage; namely, damage caused by moths was expressly excluded from liability or, alternatively, the agreement limited defendant’s liability to $50 per item stored. Then assuming the role of third party plaintiff, Security impleaded Russell’s Carpet and Upholstery Cleaners, Inc., the establishment with whom Security had deposited the run for cleaning befo're placing it in storage. During the course of the trial defendant conceded Russell should be dismissed; therefore, we will not discuss *675 this phase of the proceeding. From a judgment in favor of plaintiff for $3,053.50, the defendant has appealed.
On February 2, 1971, plaintiff’s wife asked one of defendant’s agents to store a Persian rug while Security was in the process of moving the Olson family from a house to a smaller apartment. Although it was testified defendant generally explains its liability limitation and exclusion relied on in this suit, this was not pointed out to Mrs. Olson because of the circumstances. She simply wrote a note requesting the defendant to prepare a rug for storage, store it, and simultaneously signed a document which purportedly authorized Security to carry out these instructions.
Defendant’s agent, assuming the plaintiff wished the rug cleaned, deposited it with Russell’s, who cleaned, wrapped and delivered it to Security on February 25, 1971. At that time it was placed on a moth-protected rug rack in defendant’s warehouse.
In September 1971, Mrs. Olson instructed Security by telephone to deliver the rug to a shop at 1818 Veterans Highway owned by her friend. She noted upon its delivery that the wrapper in which Russell’s had encased the run after cleaning it had been torn and the shredded wrapping covered with a Bemis bag, loosely placed over the end of the roll. On the dray receipt she wrote: “Rug delivered — will accept condition only on being opened — as it was cleaned without my permission — Mrs. O.”[1] No inspection was made of the rug at the time of delivery. The following day, the shop owner called Mrs. Olson to alert her to the fact that moths were swarming or hovering over the rug. When it was partially unrolled, Mrs. Olson said moths flew out and she immediately called Orkin Exterminating Co., Inc., to spray the rug for moth infestation.
According to Mrs. Olson the rug was in good condition when Security picked it up in February and totally ruined when defendant returned it in September.
The evidence to establish the extent of damage or monetary amount is inconclusive. Two independent witnesses — Mrs. Adele Dombourian, an Oriental rug expert, and Richard Bauer, president of Russell’s Cleaners — testified they examined a portion of the rug and noted moth damage. Mrs. Dombourian stated she inspected 2 or 3 square feet and if the entire rug was damaged as extensively as the portion she saw, it would not be economically feasible to repair it. Mr. Bauer, who estimates he examined a 3-foot square section, further attested to the damage of that portion. However, no one established the entire rug was moth eaten nor were any detailed estimates given as to cost of repair.
Although it was stipulated the cost of the rug was $3,800 when it was purchased in Iran in 1959, its present-day value is not clearly established. While it is apparent a rug was delivered to the knit shop by Security and various persons viewed a partially damaged rug on these premises, there is insufficient evidence to compute the exact amount of damages to which plaintiff is entitled.
Thus, as the record is now constituted, it lacks certain detailed proof necessary to sustain plaintiff’s claim in all of its essential aspects. To further complicate matters, defendant requested an opportunity to inspect the rug after the trial was concluded. Mr. Bauer, who accompanied counsel for defendant, was of the opinion that the rug he viewed then was not the same as the one he had previously inspected because the moth damage was not as extensive. The obvious inference is that the *676 carpets have been switched. The letter Mr. Bauer wrote to this effect is not in evidence, but in the light of this development, we think this matter should be remanded for a new trial.
We point out defendant’s counsel could have inspected the carpet prior to the trial but failed to do so. Had plaintiff established by a preponderance of the evidence the exact monetary amount to which he was entitled, we would be reluctant to permit defendant to explore an area it failed to and could have investigated prior to the original trial.
Therefore, we remand this matter for retrial. In so doing, we note the special defenses based on a contractual exclusion and alternatively limitation of liability are without merit. When defendant accepted the rug, it obtained Mrs. Olson’s signature on a document that did not carry the exclusionary clause or the limitation clause. Nor were these conditions orally explained. It is true a copy of the warehouse receipt containing this information was sent to her more than ten days after the carpet had been taken by defendant, but at this time the contract of deposit had been complete. It is doubtful Mrs. Olson read the receipt, but because the printed caveat was dispatched after the contract was complete, her failure to do so does not affect Security’s liability. See Colgin v. Security Storage & Van Co., 208 La. 173, 23 So.2d 36 (1945).
For the reasons assigned, the judgment appealed from is affirmed insofar as it dismissed the third party action and annulled insofar as it cast defendant in judgment. It is ordered this matter be remanded to permit a retrial of this cause to be conducted in conformity with the views herein expresssed. Assessment of costs will await the final disposition of this matter.
Affirmed in part; annulled in part; and remanded.

. Mrs. Olson testified that she paid for the cleaning of the rug during the same month she surrendered its possession to the defendant. She acknowledged that no complaint was lodged with Security for having the rug cleaned until seven months later when she noted her objection on-^the dray receipt.