303 So.2d 554 (1974)
JAYCO SALES AND SERVICE, INC.
v.
L. D. SMITH.
No. 9985.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
*555 Cyrus J. Greco, Baton Rouge, for appellant.
Gerald L. Walter, Jr., Baton Rouge, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
BLANCHE, Judge.
Plaintiff, Jayco Sales & Service, Inc., appeals from an adverse judgment of the trial court denying their request for damages to rental equipment sustained because of the alleged negligence of the lessee-defendant, L. D. Smith. In addition, plaintiff asks that the judgment of the trial court be sustained insofar as it awarded $44.57 for a tire and rim, and also seeks an increase in attorney's fees from $25 to $1,250. The defendant answered the appeal, merely alleging that the trial court's decision should be revised and modified so as to dismiss plaintiff's claim at it costs.
On the morning of November 27, 1972, defendant went to Jayco's and leased a rock drill and two carbide bits, signing a document entitled "Rental Agreement Delivery ReceiptReturn Receipt," bearing No. R-406. Later that same morning, because his own compressor was not working and he could not utilize the tools he had rented, defendant sent his son and employee, L. D. Smith, Jr., to Jayco's to rent an air compressor and air hose. Defendant's son signed another document which bore No. R-408 and was similar to the one signed earlier by defendant.
Plaintiff's employees hooked the compressor trailer to the bumper hitch of defendant's 1967 Chevrolet truck. Defendant's *556 son then proceeded to their jobsite at Greco's Grocery Store on Nicholson Drive south of Louisiana State University. Upon crossing the railroad track south of the university, defendant's son heard a noise sounding like "something snapped loose" and, looking back, saw that the compressor trailer had been disengaged from the truck. As a result, the equipment received the damage complained of by plaintiff.
The trial judge found that the accident was caused solely by the action of plaintiff's employees in hooking their employer's trailer to defendant's truck. Where the issue involved is purely of fact, an analytical disposition of the facts and conclusions of the trial judge should not be disturbed in the absence of manifest error. Second Church of Christ, Scientist v. Spencer, 230 La. 432, 88 So.2d 810 (1956). See also, Reynolds v. Hartford Accident & Indemnity Company, 228 So.2d 76 (La. App. 2nd Cir. 1969), writ refused, 255 La. 148, 229 So.2d 732 (1970). From our review of the record, we find no manifest error in the conclusions of the trial judge.
The rental agreement contains an insurance clause, whereby the lessee is obligated to insure the equipment against damage, and an indemnity stipulation. Because both the insurance and indemnity clauses are written on the back of the rental agreement, the defendant-appellee contends that they are not binding between the parties. However, a person signing a written document is presumed to know its content and cannot avoid the obligations contained therein by claiming that he did not read the instrument; and where attention is drawn to terms on the reverse side of the form, those provisions are likewise binding on the parties. South Central Bell Telephone Company v. McKay, 285 So.2d 563 (La.App. 1st Cir. 1973). On the front of the agreement appears the wording "AND ON THE BACK HEREOF," giving reference to the stipulation that the defendant-lessee is subject to the terms and conditions written on both sides of the instrument. Defendant's agent signed the rental agreement for the trailer compressor and, therefore, the agreement becomes the law of the case.
We turn now to the effect of the stipulations. The first stipulation reads as follows:
"Lessee agrees to protect Lessor with full insurance coverage, said insurance to cover damage occasioned by fire, theft, flood, explosion, accident, act of God, or any other cause that may occur from the time the equipment leaves Lessor until the time it is returned to Lessor, and to further provide public liability to third persons or to Lessee growing out of the use, handling or transportation of said equipment. * * *" (Exhibit P-1Emphasis supplied)
We agree with the trial judge that the lessee has no obligation to insure acts which occur prior to his gaining control of the equipment. The negligence causing the trailer's disengagement occurred when plaintiff's employee hooked the compressor trailer to defendant's truck. The cause, therefore, occurred while the plaintiff-lessor had control and the resulting damage was its responsibility.
The second stipulation reads as follows:
"* * * In case all of said equipment or any part thereof be destroyed, damaged, or lost, whether with or without fault on the part of LESSEE, LESSEE shall pay to LESSOR at its office a sum equal to LESSOR'S list price for the same or similar equipment." (Exhibit P-1Emphasis supplied)
Plaintiff-lessor contends that even if its negligence were the cause of the accident, the words in the indemnity stipulation "whether with or without fault on the part of LESSEE" relieve plaintiff of the effect of that negligence and require the defendant-lessee to pay the damages. An indemnity *557 or hold harmless clause exempting one from liability based upon his own negligence must be expressly stated and clearly stipulated. General Accident Fire & Life Assurance Corporation v. Glenn, 261 So.2d 78 (La.App. 3rd Cir. 1972); Arnold v. Stupp Corporation, 205 So.2d 797 (La.App. 1st Cir. 1967), writ refused, 251 La. 936, 207 So.2d 540 (1968); Elephant, Inc. v. Hartford Accident & Indemnity Company, 216 So.2d 837 (La.App. 1st Cir. 1968).
In this connection it is contended that the second stipulation is express and unequivocal. We have not found any case from our own research where similar language was used so as to require indemnification of an indemnitee against his own negligence. Accordingly, one must look to the particular language of the agreement here at issue to determine whether there is an express and unequivocal intent therein to indemnify the indemnitee for his own negligence. It would no doubt be express and unequivocal had the words been used, "even though caused, occasioned or contributed to by the negligence, either sole or concurrent, of the indemnitee." In Batson-Cook Company v. Industrial Steel Erectors, 257 F.2d 410 (5th Cir. 1958), the Court acknowledged that there are no magic words by which to frame such an agreement. However, because of the severity and harshness of the remedy, that is, to make the lessee liable even for the negligence of the lessor, the Court must be fully and firmly convinced that such was the intention of the parties.
We are not convinced that the language in this lease agreement "whether with or without fault on the part of the LESSEE" expresses an unequivocal intent to indemnify the lessor (indemnitee) even for his own fault. Considering the nature of the contract, i. e., a contract to lease certain equipment and the placing of such equipment solely under the control of the lessee, one of the most likely events occasioning indemnity by the lessee contemplates a situation where the equipment may well be damaged, not as a result of lessee's fault but by that of a third party. In such event, the lessee would not be at fault, but the clause would prevent him from claiming that he was not liable. The same result would obtain in a situation where the equipment was destroyed by a "force majeure." It could also embrace the situation as here presented where the damage was caused even by the lessor's (indemnitee's) fault. Thus, we have pointed out at least three ways in which the foregoing language may be interpreted to require indemnification by the lessee.
Louisiana jurisprudence was reviewed by us in Arnold v. Stupp Corporation, cited supra, and we follow the general rule expressed therein:
"* * * `A contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms. 27 Am.Jr., Indemnity, § 15, page 464; 42 C.J.S. Indemnity § 12, page 580.' * * *" (Arnold v. Stupp Corporation, 205 So.2d at 799)
Referring again to Batson, supra, we quote a pertinent observation:
"* * * The purpose to impose this extraordinary liability on the indemnitor must be spelled out in unmistakable terms. It cannot come from reading into the general words used the fullest meaning which lexicography would permit. * * *" (Batson-Cook Company v. Industrial Steel Erectors, 257 F.2d at 413)
Thus, we hold that the broad scope of the language itself demonstrates that want of specific intent which the foregoing authorities require.
Plaintiff contends that his employees were acting as defendant's servants while attaching the compressor trailer to defendant's truck and then reasons that the negligence of the employees is imputable to defendant and not plaintiff. There is nothing in the record to substantiate that defendant was in control of plaintiff's employees, *558 and we find that defendant's son did nothing but stand by while plaintiff's employees completed the hook-up.
After the accident, one of the fenders of the trailer was rubbing against the tire. Defendant's son bent the fender back so that the wheel would roll. The tire was evidently punctured because it went flat during the trip of defendant's son from the Greco job to another job on the Airline Highway. However, he continued to drive, with full knowledge of the flat, and eventually the rubber wore off the rim, resulting in rim damage. Unlike the cause of the trailer disengagement, we find, as did the trial judge, that the tire and rim damage was due solely to the negligence of defendant's son in continuing to drive.
Plaintiff's claim for attorney's fees is based on a stipulation in the lease which gives the lessor the right to recover reasonable attorney's fees in the event it became necessary for him to employ an attorney to collect any sums due under the lease. The trial court acknowledged the contractual duty of the defendant to compensate plaintiff for such attorney's fees, but he only awarded plaintiff the sum of $25 as fees. Plaintiff refers to such an award as unreasonable and unconscionable.
We have no doubt but that plaintiff's counsel made a significant expenditure of both time and effort to recover the damage caused to plaintiff's equipment. However, time is only one of the many guides determining the reasonableness of a fee. Other considerations are the amount involved and the results obtained. See the "Code of Professional Responsibility" adopted by the American Bar Association in 1969 which enumerates the factors to be considered as guides in determining the reasonableness of a fee. As noted herein-above, plaintiff was only successful in recovering the sum of $44.57, representing the damage to the tire and rim occasioned by defendant's negligence, and failed to collect the other items of damages sought, which comprised the principal amount of the claim. In relation to the results obtained, we are of the opinion that a fee of $25 is entirely reasonable, despite the time and effort of counsel.
Plaintiff cites In re Lomm, 195 So.2d 416 (La.App. 4th Cir. 1967), writ refused, 250 La. 541, 197 So.2d 81; Ezernack v. Chief Motor Company, 240 So.2d 417 (La. App. 3rd Cir. 1970), and Clark v. American Marine Corporation, 320 F.Supp. 709 (E.D.1970), which we have read and found to be easily distinguishable. Cases attempting to define the elusive standard of reasonableness are countless and all stand or fall on their own peculiar facts. We find no error in the trial judge's award of attorney's fees.
For the above reasons, the judgment of the trial court is affirmed, at appellant's costs.
Affirmed.