330 So.2d 622 (1976)
BUD FINANCE COMPANY, INC.
v.
Joe GILARDI.
No. 7323.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
*623 Irwin R. Sanders, New Orleans, for plaintiff-appellant.
Gordon K. Konrad, Gretna, for defendant-appellee.
Before LEMMON, GULOTTA and STOULIG, JJ.
GULOTTA, Judge.
This is a suit for the balance due in the sum of $1,615.00 on a promissory note, together with 8% interest from June 18, 1975 until paid, attorney's fees and costs. Defendant, in his answer, admitted executing a promissory note in the sum of $1,920.00 on June 18, 1973, but alleged that he was not furnished with proper information required by the "Truth in Lending Act" and was, therefore, entitled to penalties and attorney's fees provided by that Federal statute for violation of its provisions.
The trial court rendered judgment in favor of plaintiff in the sum of $1,600.00, together with interest at the rate of 8% on the amount owed from April 29, 1974 until paid, together with 25% attorney's fees and costs. However, concluding that plaintiff failed to comply with the disclosure provisions of 15 U.S.C.A. § 1605(c), the trial judge awarded defendant a credit of $1,000.00 as a penalty, together with $250.00 in attorney's fees, in accordance with 15 U.S.C.A. § 1640(a)(1).[1] According to the trial judge, no evidence was offered that any statement in writing was furnished by plaintiff to defendant which set forth the property insurance charge[2] or contained a statement that defendant is advised of his right to obtain insurance from any other person or source of his own choosing as required in the "Truth in Lending Act". Plaintiff appeals.
In seeking to set aside the penalties and attorney's fees awarded, plaintiff contends, on appeal, that the statement furnished to defendant and acknowledged by defendant's signature satisfied the requirements of 15 U.S.C.A. § 1605(c). We agree.
15 U.S.C.A. § 1605(c) states:
"Property damage and liability insurance premiums included in finance charge
"(c) Charges or premiums for insurance, written in connection with any consumer credit transaction, against loss *624 of or damage to property or against liability arising out of the ownership or use of property, shall be included in the finance charge unless a clear and specific statement in writing is furnished by the creditor to the person to whom the credit is extended, setting forth the cost of the insurance if obtained from or through the creditor, and stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained."
The disclosure statement,[3] a printed form furnished by plaintiff, included the following statement:
"PROPERTY INSURANCE, if written in connection with this transaction, extends to June 18, 1974. The cost is shown in Item 10 and customer is hereby advised of his right to obtain this insurance from any other person or source."
The property insurance cost was revealed in Item 10 of the disclosure statement.
The final paragraph of the disclosure form stated:
"I ACKNOWLEDGE RECEIPT OF THIS STATEMENT and I further understand that the disclosures herein are made solely for the purpose of compliance by the creditor with the Federal Truth in Lending Act and regulations issued thereunder. In addition, I acknowledge that these disclosures may be inconsistent with other disclosures required by state law in the contract or agreement to which these disclosures apply, and I agree that disclosures relating to the FINANCE CHARGE and the ANNUAL PERCENTAGE RATE are in no way to be considered as part of the agreement or contract identified herein."
Below this statement is what appears to be the signature of Joseph Gilardi. Throughout his testimony, defendant vacillated as to whether or not he executed various documents introduced into evidence. A review of the testimony and pleadings indicates that defendant never seriously contended the signature on the disclosure form was a forgery. In addition, our comparison of the other exhibits, introduced into evidence and admittedly signed by the plaintiff, with the signature on the disclosure form reveals the signatures to be markedly similar.
We conclude that defendant did sign the disclosure form. Our jurisprudence is well established that one who signs a written instrument is presumed to know its contents. One cannot avoid an obligation merely by contending that he had not read it, or that it was not read and explained to him, or that he did not understand its provisions. Ideal Loan of New Orleans, Inc. v. Johnson, 218 So.2d 634 (La.App. 4th Cir. 1969); Jayco Sales and Service, Inc. v. Smith, 303 So.2d 554 (La.App. 1st Cir. 1974). Therefore, plaintiff is presumed to have been aware of the property insurance charge shown in Item 10 of the disclosure statement and of his right to obtain this insurance from any other person or source, if he so desired.
Under the circumstances, we conclude the disclosure statement furnished by the plaintiff complied with the provisions of 15 U.S.C.A. § 1605(c), and that the trial judge erroneously awarded defendant a set-off in the amount of $1,000.00 in penalties and $250.00 in attorney's fees under 15 U.S.C.A. § 1640(a).
Accordingly, that part of the judgment allowing defendant a credit of $1,000.00 in penalties and $250.00 in attorney's fees is annulled, rescinded and set aside. In all other respects, the judgment is affirmed. As amended, affirmed.
AMENDED AND AFFIRMED
*625 
NOTES
[1] An undisputed rebate of unearned discount in the sum of $187.95 was awarded to the defendant.
[2] The promissory note was secured by a chattel mortgage on a 1969 Cadillac automobile.
[3] See Appendix 1. for a copy of the credit disclosure statement.