DOMENGEAUX, Judge.
Ervin Smith died June 19, 1973, in Sul-phur, Louisiana. Norine Rigmaiden Smith, as surviving spouse and testamentary executrix of his succession, filed a Tableau of Distribution and final accounting and petitioned the court to homologate same. Several of the decedent’s daughters (by a prior marriage) filed an opposition to the Tableau of Distribution. After a trial on the merits the District Judge dismissed the opposition. From this judgment the opponents have appealed.
Two of the specifications of error involved in this appeal deal with the trial judge’s failure to deny payment of two debts of the succession, to-wit:
(1) $4,599.25 to James Funeral Home for funeral expenses.
(2) Fees for legal services rendered by the law firm of Planchard, Thompson & James in the amount of $1,000.00, relating to an attempted interdiction of the decedent some time before his death.
The third and final specification of error raised by the opponents addresses itself to the trial judge’s refusal to sequester one of the witnesses at trial.
Opponents contend that the cost of decedent’s funeral ($4,599.25) is excessive and that said claim should not be allowed against the succession. In the case of Payton v. Jones, 38 So.2d 6031 (La.App.Orl. 1949) the court stated:
“Wa do not believe that the surviving spouse or the heirs of a decedent are privileged to burden his estate with exorbitant burial charges, but in determining whether such charges are reasonable it seems to us that the living standards, both financial and social, of the parties should be given consideration.”
In Payton the decedent’s estate was valued at $2,000.00, while his funeral expenses were $584.25. The court held that the cost of the funeral was not out of proportion with the value of the estate. It is undisputed in the present litigation that the decedent expressed the desire that he be given a “nice” funeral. While there was some testimony to the effect that another funeral home would have performed the same service for approximately $3,000.00, the evidence indicates that the manner in which James Funeral Home computed the costs of the services was reasonably in accord with the prevailing methods of pricing in the industry and location at the time.
Plaintiff’s estate was valued at approximately $26,500.00 and his funeral expenses were $4,599.25. As we have already noted, in Payton the funeral charges were $584.25 against an estate worth approximately $2,000.00. While it appears to us that the funeral expenses border on being excessive, we cannot say, in view of the evidence presented that the trial judge manifestly erred in allowing the funeral expenses to stand.
The second charge against the estate which opponents contend is excessive is that of $1,000.00 for legal services rendered to the decedent in the defense of interdiction proceedings instituted against him by some of his relatives. The attorney in question, E. W. Thompson of Sul-phur, Louisiana, who was personally retained by the decedent to represent him in the interdiction matter, testified as to the amount of work he performed for the decedent. Mr. Thompson testified that he filed numerous exceptions and an answer in the proceedings, interviewed the decedent approximately six times in the hospital and once after he returned to his home, interviewed the decedent’s physician, two of his nurses, and interviewed numerous other individuals in the preparation of his defense. Mr. Thompson further testified *404 that his office preparation alone consumed approximately twenty hours.
In Lofaso v. Blanchard, 185 So.2d 579 (La.App. 1st Cir. 1966), writ refused 249 La. 465, 187 So.2d 443, the court quoted with approval from the case of In re Interstate Trust & Banking Company, 235 La. 825, 106 So.2d 276 (La.1958):
“In determining the amount to be awarded them as reasonable attorneys’ fees, the court should consider the extent and nature of the services rendered by these attorneys; the labor, time, and trouble involved; the results achieved; the character and importance of the matter; the amount of money involved; the learning, skill, and experience exercised; and the difficulty of the legal problems
See also for example the cases of Ezernack v. Chief Motor Company, 240 So.2d 417 (La.App. 3rd Cir. 1970); and Pittman & Matheny v. T. H. Davidge, 189 So.2d 706 (La.App. 1st Cir. 1966), writ refused 249 La. 768, 191 So.2d 143.
The opponents offered no evidence in support of their contention that the fees charged by this law firm were excessive. The trial judge determined that the evidence supported said claim, and under the facts of this case we cannot say that he was in error.
The final issue raised by this appeal concerns itself with the trial judge’s decision to exclude the abovementioned attorney, E. W. Thompson, from the rule of sequestration. Mr. Thompson was, of course, called as a witness relative to the fees charged by his law firm for representation of the decedent in the interdiction proceedings. However, Mr. Thompson also initially represented the executrix and was the attorney for the succession. Because of other pressing matters Mr. Thompson formally withdrew as counsel for the executrix and the matter was then handled by his law partner, Mr. James. At the trial the following transpired:
“MR. JAMES: Your Honor, may it please the Court, Judge[1] Thompson is co-counsel on this matter; and I would request he be allowed to stay in the courtroom.
THE COURT: Yes, Judge Thompson, your firm is the one that is handling this particular matter, is it not ?
JUDGE THOMPSON: Yes, sir. I originated the petition, as a matter of fact.
THE COURT: Well, I’m not going to place Judge Thompson under the rule then, if he’s counsel in the matter.
MR. DELAFIELD: Well, Your Hon- or, I wasn’t aware, and I don’t mean to belabor the point, sir, I wasn’t aware that Judge Thompson was representing the succession. I knew he was representing the interdiction .
THE COURT: Well, for example, here’s a petition for probate of a statutory testament filed November 9th, 1973, by her attorneys, Planchará, Thompson & James, signed by E. Woody Thompson. The pleadings were signed by Judge Thompson.
MR. DELAFIELD: Well, I will defer then, Judge.
THE COURT: It is my understanding that it is the firm handling the succession and not Mr. James, individually.
MR. DELAFIELD: I’ll defer to your greater wisdom, Judge.
THE COURT: All right, sir. Judge Thompson will be excused from the rule.”
The opponents contend that the exclusion of Mr. Thompson from the rule of se *405 questration prejudiced their ability to examine him regarding the issue of attorney’s fees.
The sequestration of witnesses is governed by LSA-C.C.P. Article 1631 which provides:
“Art. 1631. Power of court over proceedings; exclusion of witnesses
The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.
On its own motion the court may, and on request of a party the court shall, order that the witnesses, other than parties, be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interest of justice, the court may exempt any witness from its order. As amended Acts 1966, No. 36, § 1.” (Emphasis added)
Although Mr. Thompson was not technically counsel of record for the executrix, it is conceivable that his presence was necessary in view of the fact that he initially represented her. For that reason, and in light of the obvious acquiescence on the issue by counsel for the opponents, we are of the opinion that the trial judge acted within the bounds of discretion in exempting Mr. Thompson from the rule of sequestration. Furthermore, we are unable to find that Mr. Thompson’s presence in the courtroom prejudiced the opponents in their examination of him relative to the issue of attorney’s fees.
For the above and foregoing reasons the judgment of the District Court is affirmed. Costs of this appeal are assessed against the opponents-appellants.

AFFIRMED.

. Footnote by appellate court. Attorney Thompson is also City Judge of the Sulphur City Court.