374 So.2d 183 (1979)
LAZYBUG SHOPS, INC.
v.
AMERICAN DISTRICT TELEGRAPH CO.
No. 10117.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1979.
Rehearing Denied September 10, 1979.
Writ Refused October 26, 1979.
*184 Henican, James & Cleveland, C. Ellis Henican, New Orleans, for Lazybug Shops, Inc., plaintiff-appellee.
Phelps, Dunbar, Marks, Claverie & Sims, Esmond Phelps, II, Harry A. Rosenberg, New Orleans, for American District Telegraph Co., defendant-appellant.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is a case involving damages arising out of the failure of a burglar alarm system.
On June 16, 1970, American District Telegraph Company, appellant in this action, contracted to provide burglar alarm protection for the retail clothing store operated by Lazybug Shops, Inc., appellee. On the night of December 22-23, 1973, the shop was apparently burglarized. The ADT monitoring system received no signal to indicate a break-in. Lazybug filed suit claiming damages in the amount of $9,000 as a result of the burglary.
After the suit had been filed, a second burglary took place on August 26, 1974, again without triggering the protection devices. Lazybug supplemented their petition to pray for additional damages of $1,250.00 in connection with this second burglary. The matter was taken up for trial and judgment was rendered in favor of Lazybug and against ADT in the amount of $7,133.00 plus interest and costs. From this judgment, ADT brings this appeal.
Appellant's first contention is that the trial court erred in concluding that appellee carried its burden of proof as to liability. Appellant argues that the failure in the system was due to the fact that the shop's employees hung articles of clothing from wires on the ceiling which blocked the transducers' detection of motion. The trial judge, however, found that a defect in the system rather than hanging clothes caused the failure.
The record shows that the point of entry during the first burglary occurred within 12 inches of the transducers. Testimony was also introduced showing that merchandise was stolen in all parts of the store. In view of this evidence, we do not feel that the finding of the trial judge was clearly wrong. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The testimony simply pits employees of ADT against the owner and operator of the Lazybug shop involved in this case. In such *185 credibility situations, the trial judge's decision must be given great weight. See Canter v. Koehring, 283 So.2d 716 (La.1973). We therefore affirm the finding of the trial judge that a defect in the system caused the failure.
Appellant's second contention is that the trial court erred in refusing to apply the limitation of liability clause contained in the contract between the parties. That provision reads as follows:
"It is understood that the Contractor is not an insurer, that insurance, if any, shall be obtained by the Subscriber and that the amounts payable to the Contractor hereunder are based upon the value of the services and the scope of liability as herein set forth and are unrelated to the value of the Subscriber's property or the property of others located in Subscriber's premises. The Contractor makes no guarantee or warranty, including any implied warranty of merchantability or fitness, that the system or services supplied, will avert or prevent occurrences or the consequences therefrom, which the system or service is designed to detect. The Subscriber does not desire this contract to provide for full liability of the Contractor and agrees that the Contractor shall be exempt from liability for loss or damage due directly or indirectly to occurrences, or consequences therefrom, which the service is designed to detect or avert; that if the Contractor should be found liable for loss or damage due to a failure of service or equipment in any respect, if liability shall be limited to a sum equal to 10% of the annual service or $250.00, whichever is the greater, and that the provisions of this Paragraph shall apply if loss or damage, irrespective of cause or origin, results directly or indirectly to person or property from performance or nonperformance of obligations imposed by this contract or from negligence, active or otherwise, of the Contractor, its agents or employees."
This exact provision was recently tested in Alan Abis, Inc. v. Burns Electronic Security Services, Inc., 283 So.2d 822 (La.App. 2d Cir.1973). The court upheld the provisions stating:
"Neither the contract nor the pleadings in this action disclose any misunderstanding of the risk involved or the consequences with respect to an exemption or limitation of liability from any negligent performance of any duty created by and arising out of the contract. Contracts may, and often do, differ with respect not only to the language and terms employed but as to subject matters to which they appertain, and are thus distinguishable. Nevertheless, parties are free to make their own contracts except in instances and under conditions inhibited by law, morals, or public policy. All exculpatory contracts are not ipso facto null and void."
We also note that a provision limiting liability has recently been upheld by this court. See FMC Corporation v. Continental Grain Company, 355 So.2d 953 (La.App. 4th Cir. 1977).
Appellee argues that the holding of Alan Abis, Inc., supra should not be followed because that court found that the parties were in an equal bargaining position and appellee contends that is not the case here. It further contends that paragraph A of the contract was calculated to "induce the impression that the limitations lurking in paragraph E do not exist." We reject these arguments.
Paragraph A of the contract merely states that ADT "will, subject to the terms and conditions hereof, ... maintain such system in good working order." We do not find this statement misleading in any way. The "subject clause" serves to put the parties on notice that another provision in the contract affects this obligation in some way. We cannot, as appellee urges, invalidate the contract merely because the wording of this provision did not contain the phrase "including paragraph E below". It is well settled in Louisiana law that knowledge of the content of an instrument is presumed if a signature is present on that instrument. A party cannot avoid an obligation merely by contending that he had *186 not read it or did not understand it. Bud Finance Company, Inc. v. Gilardi, 330 So.2d 622 (La.App. 4th Cir.1976); Jayco Sales & Service, Inc. v. Smith, 303 So.2d 554 (La. App. 1st Cir.1974).
We also feel that appellees contention that the parties were in an unequal bargaining position is without merit. No evidence appears in the record to the effect that ADT has, as appellee contends "a virtual monopoly" and that appellee had the choice of signing or "proceeding without any security protection whatever". The contract here is clear and specific and will not lead to an absurd result. It must be given effect. See Alan Abis, supra; and Civil Code Article 1945. We therefore find that the limitation of liability provision applies and that appellant's liability is restricted in accordance with the contract.
The trial court awarded judgment in favor of Lazybug in the amount of $7,133 plus interest and costs. Although no reasons for judgment are present in the record and damages are not itemized in the judgment, we have determined from the record that the trial judge awarded damages covering the loss from both burglaries. We feel that the $250 limitation provision must be construed to mean $250 per occurrence. Since the "failure of service or equipment" occurred twice we find that appellant is open to liability up to the amount of $500 under the contract. We therefore reduce the award to this amount.
IT IS ORDERED that the judgment in favor of Lazybug Shops, Inc. be reduced to $500, plus interest from judicial demand and costs, and so reduced, affirmed. Each party to bear its own costs for this appeal.
AMENDED AND AFFIRMED.