SCHOTT, Judge,
dissenting:
The warehouse receipt which plaintiff signed contains just a few lines above his signature and immediately above the date this warning set off in bold type:
THIS RECEIPT IS SUBJECT TO THE TERMS AND CONDITIONS PRINTED ON THE REVERSE HEREOF.
Included among the terms and conditions on the reverse side of the warehouse receipt is the following paragraph:
LIMITATION OF DAMAGES AND CLAIMS
The depositor declares that the value of any article, piece, package or receptacle, including the contents thereof, packed, transported, received stored or handled in this lot does not exceed the sum of $1.00 per pound per article, upon which valuation the storage rates shown have been based, and the depositor, in consideration of said rates charged, agrees that the liability of the warehouseman for any cause which would make it liable in case of any loss or damage while said goods are in its possession, shall in no event exceed the sum so above declared, unless the depositor declares greater value in writing, and agrees to pay an additional charge of 25 cents per month for each $100.00 or fraction thereof in excess of the value already declared, in which case the liability of the warehouseman shall not exceed the greater value so declared, for any cause which would make it liable.
Under the law and facts of this case I see no reason why plaintiff was not bound by the contract he signed. The limitation of liability was authorized by LSA-R.S. 10:7-204 and specifically gave plaintiff the right to increase defendant’s liability based on increased rates as required by the statute.
Plaintiff testified he was unaware of the limitation of damages clause despite the fact that he signed the document. But this does not relieve him of his obligations and limitations under the contract. Knowledge of the content of an instrument is presumed if a signature is present on the instrument. A party cannot avoid an obligation merely by contending that he had not read it or did not understand it. Lazybug Shops, Inc. v. American Dist. Telegraph, 374 So.2d 183 (La.App. 4th Cir. 1979), writ refused 376 So.2d 1271. There is no reason to exempt from the law this plaintiff who is a well educated, professional person.
In rejecting defendant’s argument for the application of the limitation of damages clause to plaintiff’s claim the trial judge stated in his reasons for judgment:
Defendant’s advertising brochures offering “vaults surrounded by 3 feet of solid steel and concrete” suitable for the storage of gold, silver etc., is utterly inconsistent with the limitation of liability to $1.00 per pound. Plaintiff credibly denies any knowledge of the limitation before the loss occurred. Considering the quality of security it advertised, which it likens to the “Swiss banking system”, it was bound to call its $1.00 per pound limitation of liability to the specific attention of its customer. Plaintiff prevails.
None of the cases cited by plaintiff in his brief support the judgment of the trial court. In the leading case, Colgin v. Security Storage and Van Co., 208 La. 173, 23 So.2d 36 (1945), it was only after the goods were received by the defendant and the contract of deposit was complete that the warehouse receipt containing limitation of liability provisions was mailed to plaintiff. The court recognized that one party to a contract cannot unilaterally, without the consent of the other, modify the terms of the contract. The same facts prevailed in Fidelity & Deposit Co. of Maryland v. Rednour, 44 So.2d 215 (La.App.Orl.1950). When the goods were received by defendant a simple receipt was given by the dray-man and subsequently defendant’s office employee mailed the warehouse receipt with the limiting provision to plaintiff. Again, the same facts prevailed in Olson v. Security Van Lines, Inc., 297 So.2d 674 (La.App. 4th Cir.1974) with the document containing the limitation first sent to plain *356 tiff after the goods were accepted for storage by defendant.
In Federal Insurance Co. v. C & W Transfer & Storage Co., Inc., 282 So.2d 563 (La.App. 4th Cir.1973) and Guillot v. Kaplan Farmers Co-Op., Inc. 352 So.2d 402 (La.App. 3rd Cir.1977) the courts declined to enforce limitation of liability clauses in storage contracts because they were signed by agents without authority to bind their principals.
I respectfully dissent from the opinion of my colleagues which affirms the judgment of the trial court awarding plaintiff full recovery without enforcing the limitation of damages clause which he personally agreed to when the entered into the deposit contract.