LOTTINGER, Judge.
This negligence action comes to us on appeal of summary judgments rendered against plaintiffs Carolyn Perry, her children, and their insurer, State Farm Fire & Casualty Company. Only Perry and her children have appealed, thus the judgment as to State Farm is final and definitive.
BACKGROUND
The Perry home was damaged by a fire that began in the attic during remodeling in 1987. The fire expanded greatly prior to an alarm sounding and engulfed the house. The Perrys are suing their alarm company, alleging that it improperly designed the fire alarm system in their house by failing to include the proper number of heat and/or smoke detectors for the attic. They assert that this caused the delay in the alarm sounding, which allowed the fire to cause substantially more damage than it otherwise would have.
Plaintiffs-appellants, Perry and her children, (hereinafter referred to collectively as Perry) assert that the trial judge erred in granting Diversified Systems, Inc.’s (hereinafter DSI) motion for summary judgment on the basis of the language in (1) the sales and installation agreement, and (2) the security system monitoring agreement.
I
Initially, we find that the security system monitoring agreement is irrelevant. This document should not serve as a basis for decision in this case because all parties must agree that Perry’s claims do not stem from any failure in the monitoring system. Thus, we will not consider the document in reaching our decision.
II
We next turn to a consideration of the sales and installation agreement. Perry bases her negligence claim on DSI’s defective design of the alarm system in that it failed to include the proper number of heat and/or smoke detectors for the attic. Perry asserts that the language of the sales agreement (hereinafter the agreement) is insufficient to exculpate DSI from liability for its own negligence. The trial court found otherwise, deeming the language in the document clear and concise *1229 enough, presumably to sustain a finding of no genuine issue of material fact and that reasonable minds must inevitably conclude that DSI was entitled to judgment as a matter of law; such is the standard to be applied. La.Code Civ.P. art. 966; Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
An examination of the cases cited by the parties bearing upon the sufficiency of the exculpatory language in the agreement suggests that DSI bifurcates such language into separate agreements, unlike other alarm companies. The result is that much of the language relied upon and quoted by other courts in upholding a judgment in favor of defendant alarm companies has been put by DSI into the separate monitoring agreement which we will not consider here. See Alan Abis, Inc. v. Burns Electronic Security Services, Inc., 283 So.2d 822, 823 (La.App. 2d Cir.1973) and Lazybug Shops, Inc. v. American District Telegraph Co., 374 So.2d 183, 185 (La.App. 4th Cir.), writ denied, 376 So.2d 1271 (La.1979). However, these cases are inapposite because they dealt with hardware or workmanship, not alleged design defects. Alan Abis, 283 So.2d at 823; Lazybug Shops, 374 So.2d at 184. This does not mean that the agreement at issue is deficient if its language does not contain that which other courts relied upon; there are no talismanic requirements. La.Civ.Code art. 2046.
DSI relies upon three paragraphs in the agreement to exculpate itself from liability. In paragraph 7, DSI points to the defective installation provision as disposi-tive of Perry’s claim: “Errors or omissions in the installation of the system including, but not limited to, failure to wire points of protection ...” DSI asserts that the clause exonerates it because Perry did not call such defects to its attention within the required 30 days. The assertion misconstrues the meaning of the paragraph. This language can only refer to workmanship defects under a reasonable reading of the agreement. La.Civ.Code art. 2050. As Perry is not asserting a workmanship defect, the paragraph affords DSI no protection.
DSI also asserts paragraph 9 in its defense. Paragraph 9 contains the following:
Customer does not desire this contract to provide for the liability of DSI and customer agrees that DSI shall not be liable for the loss or damage due directly or indirectly to any occurrence or consequences therefrom, which the system is designed to avert.
This language means that a loss due to fire would not subject DSI to liability. Perry is asserting a loss‘due to DSI’s negligent design of her alarm system. DSI would have to show that the paragraph contemplates that Perry’s alarm system was designed to protect her against DSPs negligence in designing it to avoid liability under this language. We do not believe reasonable minds could so read this paragraph. Thus, we cannot find that paragraph 9 shields DSI from liability.
DSI also asserts paragraph 6 in its defense. Paragraph 6 is classic boilerplate language designed to disclaim any warranties as to the system’s performance, and to vitiate any liability should the system fail to perform. Perry asserts that this court’s opinion in Jayco Sales & Service, Inc. v. Smith, 303 So.2d 554 (La.App. 1st Cir.1974) requires a more specific disclaimer of liability to exculpate DSI from its own negligence.
We note, as DSI has argued, that Jayco Sales is not immediately applicable to this controversy as that case concerned an indemnity provision between a lessor and a lessee for equipment that was damaged by the lessee. This case concerns equipment, or a lack of it due to DSPs allegedly defective design, that damaged other property, namely Perry’s house. However, we believe the standard set in Jayco Sales, requiring a specific declaration by which one can limit liability for one’s own negligence, is the best standard to set here. Jayco Sales, Inc., 303 So.2d at 556-557. This is because DSI is trying to fit into the above-quoted language an idea that is not readily ascertainable. DSI wants the language that appears to limit liability for fire, burglary, and other similar occurrences to more closely approximate a blanket release *1230 from any cause imaginable. If that was DSI’s true intent, then it should have so stated that intent. Thus, paragraph 6 will not shield DSI from its own negligence because the paragraph does not indicate an unambiguous shifting of peril to the customer for defects in the design of the alarm system.
CONCLUSION
Therefore, the trial court was in error when it granted DSI’s motion for summary judgment based upon the language of the sales and installation agreement because nothing in the agreement could lead reasonable minds to inevitably conclude that DSI was entitled to judgment as a matter of law, and DSI’s negligence in designing Perry’s alarm system is a material fact in dispute.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed and this cause is remanded for a trial on the merits. All costs of this appeal are to be shared equally by appellant and appellee.
REVERSED AND REMANDED.
EDWARDS, J., concurs in the result.